Livermore agt. Berdell.

## N. Y. COMMON PLEAS.

EDWARD LIVERMORE and others agt. ROBERT H. BERDELL.

*Discontinuance of action — Order of arrest — When motion to discontinue should not be granted.*

Where plaintiff had commenced an action and obtained an order of arrest against the defendant on the ground of fraudulent representations, which order of arrest had been vacated upon the ground that the alleged fraudulent representations did not apply to the whole cause of action, on motion by plaintiffs for leave to discontinue the action:

*Held,* that as plaintiff's object in discontinuing is to commence a new action and obtain a new order of arrest, the order of arrest in this action having been vacated, leave to discontinue should not be granted.

The courts are opposed to arresting a defendant twice for the same cause of action.

*Special Term, January,* 1881.

EDWARD LIVERMORE, Henry Clews and J. Livermore, stock-brokers, brought a suit in April, 1877, in the court of common pleas, against Robert H. Berdell, formerly president of the Erie Railway Company, to recover a balance of account, as his broker, upon stock transactions between November, 1876, and April, 1877. An order of arrest was obtained against Mr. Berdell, upon affidavits that in February, 1877, he induced the firm to buy for him 200 shares each of Western Union and Lake Shore stock, upon the false representation that he was the owner of 200 shares of National Trust Company's stock, which was hypothecated at the Third National Bank for a loan of $15,000, and that he would give these shares as collateral on the purchase to be made by plaintiffs.

The defendant appealed from an order refusing to vacate the order of arrest, which appeal was not heard until last Wednesday. The general term reversed the order, upon the ground that the alleged fraudulent representations upon which

Livermore agt. Berdell.

the order of arrest was obtained did not apply to the whole cause of action, inasmuch as the balance of account sued upon extended to a date prior to such representations. The plaintiffs then moved for leave to discontinue the action, upon which motion the following decision was given yesterday:

*Abbott Bros.*, for plaintiffs.

*Taylor & Parker*, for defendant.

J. F. DALY, *J.*— As defendant has interposed a counter-claim, it is not a matter of course that plaintiff shall be allowed to discontinue, but the order is discretionary. Plaintiff's object in discontinuing is to commence a new action and obtain a new order of arrest, this order of arrest in this action having been vacated. Leave to discontinue should not be granted for that reason. The courts are opposed to arresting a defendant twice for the same cause of action (*See Wright* agt. *Rutterman*, 1 *Abb.* [*N. S.*], 428, 431, 432; *Enoch* agt. *Ernst*, 21 *How. P. R.*, 96). If the plaintiff's action were not maintainable, he should be allowed to discontinue, and a new order of arrest for a new action might be granted (*People* agt. *Tweed*, 63 *N. Y.*, 202). But if the second action be brought merely for the purpose of arresting defendant, after plaintiff has failed through his own fault to sustain the first arrest, the proceedings in the second action might well be regarded as intended only to vex and harass defendant.

The motion to discontinue must be denied, with ten dollars costs.