Columbia Bank, Appellant, *v.* The Gospel Tabernacle Church, Respondent.

127  361
f166  243

Upon the trial of an action before a referee defendant's counsel examined and cross-examined all of plaintiff's witnesses and by such examination proved facts tending to establish the defense. At the close of plaintiff's evidence said counsel moved for a nonsuit which was granted. Plaintiff submitted to the referee and requested him to make certain findings of fact and conclusions of law. Some of the proposed findings of fact were found in full, others as modified and the residue with the conclusions of law were refused, to which refusals plaintiff's counsel excepted. The referee also made findings as requested by defendant and upon the findings judgment was entered for defendant upon the merits. *Held,* that the judgment was to be considered on appeal as one upon the merits not as a nonsuit; that plaintiff by proposing and requesting findings consented to and treated the case as one where the whole evidence was . to be passed upon.

*It seems* that plaintiff's relief, if any, from the judgment was by motion to correct the record.

*Schofield* v. *Hernandez* (47 N. Y. 313); *Forbes* v. *Chichester* (30 N. Y. S. R. 370), distinguished.

The trustees of a religious corporation organized under the general act providing for such organizations (Chap. 60, Laws of 1813, as amended by chap. 45, Laws of 1863), can only when acting as a board make or authorize acts binding on the corporation; they have no separate or individual authority to bind it, and this, *it seems,* although a majority, acting singly, assent to the particular transaction.

In an action against such a corporation to recover an alleged overdraft upon a deposit account kept with it by defendant's treasurer, the complaint also set forth a promissory note made by a third party, indorsed in defendant's name by its treasurer and received, as alleged, as security for the account. The referee found upon sufficient evidence, that the account was not opened or the note indorsed with the consent or authority of defendant or its board of trustees, and that none of the

transactions between plaintiff and said treasurer had been authorized or ratified by defendant. *Held,* that the action was not maintainable.
Reported below, 25 J. & S. 149.

(Argued April 29, 1891; decided June 23, 1891.)

APPEAL from judgment of the General Term of the Superior Court of the city of New York, entered upon an order made June 28, 1889, which affirmed a judgment in favor of defendant entered upon the report of a referee.

The cause of action stated in the complaint herein is substantially that the defendant, a religious corporation, was a depositor in plaintiff bank and kept an account therein from which it drew out and deposited moneys arising from receipts of money by defendant and proceeds of discounts for defendant, and that the defendant drew out an excess of $3,428.25 over its deposits, and further, that the plaintiff on November 1, 1886, received from defendant a certain promissory note, dated November 1, 1886, made by the Tribune & Farmer Company, Limited, for the sum of $3,500, at four months from its date; said note, when so received, was duly indorsed by said payee thereof and by defendant, and was received by plaintiff as collateral security for such credits, loans and advances, or for some of them made as aforesaid to defendant; that plaintiff held said note until its maturity, when it was duly presented for payment and payment demanded, but no part of the same was paid, and the same was duly protested, all of which defendant was duly notified; that plaintiff still holds said note and offers to surrender the same to defendant.

The demand is for judgment for $3,428.25, the amount of the alleged overdraft, and not for the amount of the note, with interest.

The answer denies the material allegations constituting the liability, and further, that said note and loans and discounts were without the authority and beyond the power of defendant and were in fraud of defendant, and all of which plaintiff had notice.

One Sniffen was the treasurer and one of the trustees of defendant. He as such treasurer opened the account and had

all the transactions with plaintiff out of which the liability of the defendant is claimed to have arisen. The referee found that the defendant was not aware of the opening of the account or of these transactions and that they were unauthorized by the defendant, and as a conclusion of law that the defendant was not liable, and dismissed the complaint upon the merits.

Other facts are stated in the opinion.

*Louis Marshall* for appellant. The referee having granted a nonsuit, the plaintiff is entitled to a reversal, if the evidence was such as to have required the submission of the case to a jury, although it may have been insufficient to constrain the referee to find for the plaintiff. (*Scofield* v. *Hernandez*, 47 N. Y. 313; *Forbes* v. *Chichester*, 26 N. E. Rep. 914.) In the consideration of the evidence upon the motion for a nonsuit the plaintiff was entitled to have all of it construed in a manner most favorable to its contention. (*Harris* v. *Perry*, 89 N. Y. 311; *Sherry* v. *N. Y. C. & H. R. R. R. Co.*, 104 id. 652.) The evidence justified the submission to a jury of the question whether the defendant's treasurer, Sniffen, had apparent authority to discount paper with the plaintiff bank for the benefit of the defendant. (*N. R. Bank* v. *Aymar*, 3 Hill, 362; *F. & M. Bank* v. *B. & D. Bank*, 16 N. Y. 137, 138; *N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 id. 65–70; *F. N. Bank* v. *N. P. Co.*, 119 id. 250; *Kraft* v. *F. P. & P. Assn.*, 87 id. 628; *S. N. Bank* v. *P. & S. M. Co.*, 24 J. & S. 56.) Under the circumstances of this case, the defendant is estopped from denying the authority of Sniffen to procure to be discounted for it the Weed and the Farmer & Tribune notes, or else it must be held to have ratified his acts. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y. 30; *Griswold* v. *Haven*, 25 id. 595, 601; *Armour* v. *M. C. R. R. Co.*, 65 id. 111; *Bank of Batavia* v. *N. Y., L. E. & W. R. R. Co.*, 106 id. 195; *Mills* v. *Hoffman*, 92 id. 181.) The statements made by Hubbard to Ferris through the telephone were incompetent. (*F. N. Bank* v. *Ocean Bank*, 60 N. Y. 288, 297; *Bowen* v. *Bank of Newport*, 11 Hun, 226, 229.)

*Edward S. Clinch* for respondent. Before the plaintiff can recover in this action it is necessary that it should, in the first instance, show or give evidence which legitimately raises the presumption that the demand upon which this action is brought is the corporate obligation of the defendant. (*Peoples' Bank* v. *S. A. R. C. Church,* 109 N. Y. 521; Laws of 1813, chap. 60; 2 R. S. [7th ed.] 1654; *Moore* v. *Rector, etc.,* 4 Abb. [N. C.] 51; *M. E. Church* v. *Sherman,* 36 Wis. 404; *Mayor, etc.,* v. *Brady,* 16 How. Pr. 443; *F. L. & T. Co.* v. *Carroll,* 5 Barb. 649; *Conro* v. *P. H. I. Co.,* 12 id. 27, 63; *McCullough* v. *Moss,* 5 Den. 567; *Alexander* v. *Cauldwell,* 83 N. Y. 480; *Zottman* v. *San Francisco,* 20 Cal. 96; 81 Am. Dec. 107; 1 Waterman on Corp. § 163; *DeBost* v. *A. P. Co.,* 35 Hun, 386; *Scovill* v. *Thayer,* 105 U. S. 151; *Thomas* v. *R. R. Co.,* 101 id. 71; *Riley* v. *City of Rochester,* 9 N. Y. 71; *Parker* v. *Supervisors,* 106 id. 410.) To hold the defendant for the notes of Sniffen, as its agent, it was incumbent upon the plaintiff to prove the authority of Sniffen; that it could not do by the declarations of Sniffen himself, and the testimony of declarations on the part of Sniffen that the account to be opened was to be the account of the Gospel Tabernacle Church, and that the note of $3,500 was presented for discount for the benefit of the church, and to take up the note of $2,800, which had previously been discounted by the plaintiff, and that the taking up of that note was also for the church, was entirely incompetent as against the defendant. (*Marvin* v. *Wilbur,* 52 N. Y. 270; *Adriance* v. *Boome,* 52 Barb. 399; *Olcott* v. *T. R. R. Co.,* 27 N. Y. 557; *Hoyt* v. *Thompson,* 5 id. 320; *Hart* v. *Trutsees,* 17 J. & S. 523; *N. F. S. B. Co.* v. *Bachman,* 66 N. Y. 262; *Constant* v. *Rector, etc.,* 4 Daly, 305; *Bank* v. *Clements,* 3 Bosw. 600; *Parker* v. *Bd. Suprs.,* 106 N. Y. 420; *Lawrence* v. *Gebhard,* 41 Barb. 575.) The borrowing of money on the security of negotiable paper is not "necessary to the exercise of the powers so enumerated and given." (1 Morawetz on Corp. § 342; *People* v. *Hulburt,* 46 N. Y. 117.) The cause of action, whether it be upon the overdraft or upon the promissory note,

being *ultra vires*, is void, and would be even in the hands of a *bona fide* holder for value, and the defendant is not estopped from challenging its liability. (*Cagwin* v. *Town of Hancock*, 84 N. Y. 532, 542; *Scovill* v. *Thayer*, 105 U. S. 143; *Anthony* v. *County of Jasper*, 101 id. 693; *Halstead* v. *Mayor*, 5 Barb. 218.)   The statements made by Hubbard to Ferris, through the telephone, were properly received in evidence. (*People* v. *Ward*, 3 N. Y. Crim. Rep. 483; *Sullivan* v. *Kuykendall*, 24 Am. Law Reg. [N. S.] 442; 82 Kan. 483.)

POTTER, J.   The plaintiff claims the right to treat the case as a question of law simply arising upon a judgment of nonsuit and that as there was some evidence of plaintiff's claim, it would have had the right to go to a jury or in the absence of a jury to have the court or referee pass upon such evidence.

The answer is that the plaintiff by proposing and requesting findings, consented to and did in fact treat the case as one where the whole evidence was to be passed upon and which was in fact passed upon and findings made for plaintiff as well as defendant and so the referee properly dismissed the case upon the merits.

These facts appear from the case upon appeal; that at the close of the examination and cross-examination of plaintiff's witness, the defendant's counsel moved for a nonsuit which was granted and an exception taken by plaintiff.

It further appears that the referee proceeded to take the testimony and proofs offered, and having considered the same and the arguments of counsel thereupon, etc., and that the plaintiff duly submitted to the referee the following as to which he made the rulings as they respectively appear.

"The plaintiff submits the following statement of the facts which it deems established by the evidence, and of the rulings upon questions of law which it requests the referee to make."

The plaintiff prepared 26 findings of fact, a part of which were found and the rest refused or were found as modified, and four findings or conclusions of law and also took 28 exceptions of fact and to the refusal to find the conclusions of law.

It should also be stated that the defendant's counsel examined and cross-examined all the witnessess called by plaintiff and some of them at great length and among the witnesses so examined were some of the trustees and the pastor of the defendant.

Under these circumstances it seems to me that this court should treat this appeal as an appeal from a judgment upon the merits as directed by the referee and not as a judgment of nonsuit, and that the plaintiff's relief from having the judgment so treated was obtainable by a motion to correct the record in that respect.

The two cases relied upon by the appellant to support its contention in that regard are *Scofield* v. *Hermandez* (47 N. Y. 313) and *Forbes* v. *Chichester* (30 N. Y. S. R. 350), but they are in some essentials unlike the case at bar. Both cases were claims presented against the estates of decedents and were referred under the statute. The proceedings in such cases are statutory and special. (*Roe* v. *Boyle*, 81 N. Y. 305 ; *Mowry* v. *Peet*, 88 id. 453.)

In the former case (47 N. Y. *supra*), the referee at the close of plaintiff's or claimant's evidence and upon motion of the defendant granted a nonsuit to which plaintiff duly excepted and the referee afterward made findings. It does not appear that the defendant or the plaintiff submitted or requested the referee to make any findings or took any step in that direction.

It moreover appears from the record that the case cited was a judgment of nonsuit and not upon the merits.

In the case of *Forbes* v. *Chichester* (*supra*), the defendant at the close of plaintiff's case made a motion for a nonsuit and the referee reserved his decision. He then wrote an elaborate opinion based upon the plaintiff's evidence at the conclusion of which he said : "I think the defendant's motion should be granted."

After this the case was opened and the plaintiff put in further evidence and again rested and the defendant renewed his motion for a nonsuit. The defendant offered no testimony.

The referee reserved his decision but later made findings of fact and granted the defendant's motion for nonsuit.

It will be observed that the defendant did not in the cases cited, as was done in the case under consideration, propose or request any findings whether of law or fact and did not file any exception to the findings. The record in the case at bar shows an ordinary action at law and contains the requests and findings upon the part of both plaintiff and defendant and exceptions upon the part of the defendant and also that the judgment was for the defendant upon the merits. Besides the defendant in this case by an examination of plaintiff's witnesses proved affirmatively, among other facts, the fact that the defendant had no knowledge that Sniffen as its treasurer had opened an account with the plaintiff; that the defendant's board of trustees never authorized or ratified the discounting of any notes for defendant; that the proceeds of the discount of the note in question made by "The Tribune & Farmer Co. Limited" and indorsed by Sniffen as treasurer, was applied at plaintiff's bank to pay two notes given by Weed to Sniffen for his personal use and the balance of the proceeds, $628.25, were paid to Hubbard, plaintiff's cashier on account of a personal transaction between him and Sniffen.

From the practice of the counsel upon the trial and evidence before the referee and upon which he made findings and defendant took exceptions, the character of the referee's report and the character and provisions of the judgment, I am very clear that the judgment was and was intended to be a judgment upon the merits and should be so treated upon the consideration of this appeal. (*Von Derlip* v. *Keyser*, 68 N. Y. 443.)

It might very properly be suggested in this connection that as the form of the judgment being a judgment upon the merits, that the plaintiff should have moved to set the same aside for irregularity, if the conduct of the counsel and proceedings upon the trial did not call for such a judgment, or if such judgment was not intended or expected.

That would have been the ordinary and proper proceeding

and would, no doubt, have relieved this court from its present embarrassment in relation to that question and would also have changed very materially the line of argument of counsel upon this appeal.

If these views are correct, this appeal is to be considered and decided as an appeal from a judgment upon the merits and not as a judgment of nonsuit.

The case of the *People's Bank* v. *St. Anthony's Roman Church* (109 N. Y. 512) clearly settles these propositions of law in relation to religious corporations created under the act of 1813 (Chap. 60), and renders any further discussion of them unnecessary, viz : "The trustees of a religious corporation organized under the act of 1813 (Chap. 60, Laws of 1813), as amended in 1863 (Chap. 45, Laws of 1863), have no separate or individual authority to bind the corporation ; and this, although a majority or the whole number acting singly assent to the particular transaction, only when acting as a board can they perform or authorize acts binding on the corporation.

Proof that a promissory note, purporting to be made by a religious corporation, was signed by its president and secretary, does not show that it is the note of the corporation, without proof that it was made by its authority.   An agency can neither be created nor proved by the acts or declarations of the assumed agent alone.   In an action against a corporation, the presumption that its officers have done their duty does not stand for proof of authority, in a matter outside of their official duties, and where special authority must have been conferred to justify the act.

The referee has found upon abundant evidence for that purpose, that the account between the plaintiff and E. Duncan Sniffen, treasurer of the defendant, was not opened with the consent, knowledge or authority of the defendant or its board of trustees, and that defendant had no knowledge or connection with the Wyckoff, the Weed or the note in suit, and that none of them or the transactions in which those notes were used have been ratified by the defendant, and that they were personal transactions between Sniffen and the cashier of the

plaintiff and Wyckoff and Weed. These were affirmative findings, based upon the evidence introduced upon the trial.

It would have been quite sufficient for the defense to the action, that the plaintiff was bound to show that the defendant authorized the acts of Sniffen, out of which the alleged liability arose.

This case is so obviously and unmistakably like the case of the *People's Bank* v. *St. Anthony's Catholic Church,* that further discussion would prove but a waste of time.

That case was upon an obligation to repay money borrowed by the defendant, evidenced by the signatures respectively of its president, secretary and treasurer, and pastor.

The defendant in that case, upon an examination of the plaintiff's witnesses, proved that the signatures, though really made by its officers, were made while acting separately, and not at the same time or place, or while assembled as a board of trustees.

It was sought in that case as in this, to sustain the action upon the powers presumptively incidental even to religious corporations to borrow money for the promotion of its objects. But the court declined to sustain the action upon that ground so common and well known, and said : " We think the case is with the defendant on a much plainer ground, and that is, that the plaintiff failed to establish or to give evidence which raised a presumption that the notes in question were the authorized obligations of the defendant."

We think it not improper to remark in this connection that the sentence quoted and other remarks in the opinion in that case, furnish a complete answer to the ingenious argument of the appellant's counsel ; that the plaintiff in this case showed an apparent authority in its treasurer Sniffen to indorse strange notes and procure their discount, and to use their proceeds personally, which was available to give the plaintiff the right to go to the jury upon the question of actual authority or to estop the defendant from proving a want of such authority. In regard to the exception to the evidence of the declarations of the plaintiff's cashier and the purpose for which the note

in question was discounted as testified to by the witness Ferris, it is sufficient to remark that if we were of the opinion that such evidence was improper, it had no influence in determining the non-liability of the defendant in this action.

We think the judgment should be affirmed, with costs.

All concur, except BRADLEY and HAIGHT, JJ., not voting.

Judgment affirmed.