93  505
97  425
93  505
116  668
93  505
118  225
98  505
139  94

[No. 13614.   Department One. — February 27, 1892.]

JENNIE ROSENTHAL, RESPONDENT, *v.* WILLIAM McMANN ET AL., APPELLANTS.

TROVER — TITLE OF PLAINTIFF — POSSESSION — OWNERSHIP — PLEADING — SUPPORT OF JUDGMENT. — To enable a plaintiff to recover for the conversion of personal property taken by a wrong-doer, he must have the general ownership or a special ownership in the goods; but one having possession merely is the owner as against a wrong-doer, and a complaint averring possession and a right of possession in the plaintiff, without a direct averment of ownership or title, is sufficient to support a judgment in favor of the possessor against a trespasser.

DISMISSAL OF ACTION — SECURITY FOR COSTS — FAILURE OF NON-RESIDENT PLAINTIFF — RES ADJUDICATA — NEW ACTION BY RESIDENT PLAINTIFF. — A judgment dismissing an action because of the failure of the plaintiff, who was a non-resident of the state, to give security for costs, is not upon the merits, and only concludes the matter then directly adjudged, and is not a bar to a subsequent action, founded upon the same cause of action, by the same plaintiff, after becoming a resident of the state.

ID. — FAILURE TO ENTER JUDGMENT — EXCUSABLE NEGLECT — CONSTRUCTION OF CODE — PROVISION NOT MANDATORY. — Section 581 of the Code of Civil Procedure, providing that an action may be dismissed if judgment is not entered within six months after its rendition, is not mandatory, and does not confer an absolute right to the dismissal, where the neglect to enter the judgment is shown to be excusable when the order of dismissal is applied for.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, from an order denying a new trial, and from an order made after judgment

refusing to dismiss the action because of the failure to enter judgment within six months after its rendition.

The facts are stated in the opinion.

*M. J. Platshek*, and *Mitchell & McPike*, for Appellants.

The complaint herein does not allege ownership or title in the plaintiff, and is therefore fatally defective. In an action for conversion, a complaint which fails to allege title or ownership in plaintiff does not state a cause of action. (*Wright* v. *Field*, 64 How. Pr. 117; *Scofield* v. *Whitelegge*, 49 N. Y. 259.) The complaint must allege plaintiff's ownership in the property, to entitle him to recover. (*Day* v. *Watts*, 92 Ind. 442; *Johnson* v. *Oregon Nav. Co.*, 8 Or. 35; *Heine* v. *Anderson*, 2 Duer, 318; *Sheldon* v. *Soper*, 14 Johns. 352; *Dodworth* v. *Jones*, 4 Duer, 201; *McCurdy* v. *Brown*, 1 Duer, 101; *Mount* v. *Cubberly*, 19 N. J. L. 124; *Davidson* v. *Waldron*, 31 Ill. 120; 83 Am. Dec. 206.) And it is not sufficient to allege that plaintiff is entitled to the possession of the goods. The complaint must allege that it is the property of the plaintiff, and this must be done by a direct and issuable averment. (*Vandenburgh* v. *Valkenburgh*, 8 Barb. 217; *Bond* v. *Mitchell*, 3 Barb. 304; *Pattison* v. *Adams*, 7 Hill, 126; 42 Am. Dec. 59; 1 Chitty on Pleading, 167, 181.) The action of trover is founded on a conjoint right of property and possession. (*Dodge* v. *Meyer*, 61 Cal. 405; *Danley* v. *Rector*, 10 Ark. 211; 50 Am. Dec. 242; *Hostler's Adm'r* v. *Skull*, 2 Hayw. 179; 1 Am. Dec. 583, and note.) The judgment in the former action was a judgment on the merits, and is a bar to this action, and defendants were entitled to judgment. (*Merritt* v. *Campbell*, 47 Cal. 542. See Freeman on Judgments, 3d ed., 92; *Thurston* v. *Thurston*, 99 Mass. 39.) The provisions of section 581 of the Code of Civil Procedure are mandatory, and no discretion is vested in either the clerk or the court. The word "may" means "must." (*Hill* v. *Barge*, 12 Ala. 693; *Fowler* v. *Perkins*, 77 Ill. 273.) The intent of the legislature was, not to devolve a mere dis-

cretion, but to impose a positive · and absolute duty. (*Supervisors* v. *United States*, 4 Wall. 435; *Estate of Ballentine*, 45 Cal. 696; *Phelps* v. *Hawley*, 52 N. Y. 23.)

*M. C. Hassett*, and *James F. Tevlin*, for Respondent.

The allegations of the complaint are sufficient allegations of title in trover. (*Sheldon* v. *Hoy*, 11 How. Pr. 11; *Daubmann* v. *White*, 48 Cal. 450; *Batchelder* v. *Baker*, 79 Cal. 266.)    An allegation that plaintiff was possessed and entitled to the possession of property alleged to have been converted is sufficient in trover. (Pollock on Torts, 299; *Bourne* v. *Fosbrooke*, 18 Com. B., N. S., 515; *Jeffries* v. *Great Western R. R. Co.*, 5 El. & B. 802; *Pollock* v. *Cummings*, 38 Cal. 685; *Heilbron* v. *Heinlen*, 72 Cal. 374; Holmes on Common Law, 241.)    If the complaint is insufficient in trover, it is sufficient in trespass.    If the allegation of conversion be laid out of consideration, there will remain sufficient to constitute a cause of action for trespass. (*Pollock* v. *Cummings*, 38 Cal. 685; *Heilbron* v. *Heinlen*, 72 Cal. 374.)    The court did not err in denying the motion to dismiss for neglect to have the judgment entered within six months, as, — 1. Section 581 is directory as to dismissing an action for neglect to have judgment entered within the specified time (*Knight* v. *Fisher*, 15 Col. 176); and 2. The dismissal is a penalty for neglect.    Plaintiff is not guilty of negligence, and will not be made to suffer for the neglect of the clerk. (*Gardner* v. *Tatum*, 77 Cal. 458.)

TEMPLE, C. — This record presents three appeals, — from the judgment, from the order refusing a new trial, and from an order made after judgment refusing to dismiss the action because judgment was not entered within six months after its rendition.

The action was brought to recover. damages for the conversion of five hundred dollars, and it is averred in the complaint, " that on the fourteenth day of June, A. D. 1887, plaintiff was possessed of five hundred ($500) dollars in gold coin of the United States, and that she

then was, and ever since has been, and now is, entitled to the possession thereof." Conversion and damage are then charged, but there is no averment of ownership.

The defendants did not demur, but answered by a general denial and plea of a former judgment in bar.

On the trial, no objection was made to the sufficiency of the complaint, but the issue of fact was, whether the money belonged to plaintiff or her husband, whose creditors had attached it.

It is now claimed that the complaint is insufficient to support the judgment, which was for the plaintiff, because it does not aver ownership or title in the plaintiff.

To enable a plaintiff to recover for property taken by a wrong-doer, he must have the general ownership or a special ownership in the goods, and one having the possession merely is the owner as against a wrong-doer. But it is said that possession is merely probative. One may recover against a wrong-doer upon a complaint averring ownership, although he prove possession only; because as against a mere trespasser that proves ownership, but here it is claimed the question is not one of evidence, but of pleading. But even on that theory, the facts necessary to show a cause of action in the plaintiff are all contained in the complaint, although some essential fact may appear only by inevitable inference. If the findings had included the facts averred, and had gone further, and stated that the property was not plaintiff's, but belonged to some third person, whose bailee she was, it would have supported the judgment.

In fact, the allegation formerly deemed requisite, or at least held to be sufficient, — "was lawfully possessed, as of his own property," — contained nothing more. The possession would be presumed lawful, and as against a trespasser, even one who obtained possession wrongfully, was deemed to have been lawfully possessed.

It is claimed that the judgment is not sustained by the findings. Finding No. 3 shows that the plaintiff, July 21, 1887, commenced an action against these defendants for the same cause of action set up in the

complaint herein; that the defendants appeared and answered in that action; that aftewards, November 5, 1887, a notice, demanding from plaintiff security for costs on the ground that she resided out of the state, was served on plaintiff's attorney in that suit, and thereafter, to wit, December 7, 1887, no undertaking having been given, the court ordered said action to be dismissed, and judgment was accordingly duly made, given, and entered, dismissing said action.

The proceedings which resulted in that judgment were under sections 1036 and 1037 of the Code of Civil Procedure. It is contended that the judgment so entered dismissing the action was a judgment on the merits, and therefore a bar to any other action founded upon the same cause of action. It is not denied that this suit is identical in that respect with the first suit.

The argument in support of this position is as follows: Section 581 of the Code of Civil Procedure enumerates six different cases in which judgment of dismissal or nonsuit may be entered. Judgment of dismissal for failure to give security for costs, as authorized by section 1037, is plainly not one of the cases provided for in section 581. The next section, 582, reads: "In every case other than those mentioned in the last section, judgment must be rendered on the merits."

This case is not one of those mentioned, and therefore it is a judgment on the merits.

This contention may be summarily disposed of by reference to subdivision 2 of section 1908 of the Code of Civil Procedure, by virtue of which the judgment is made a bar, if it be one. "The judgment or order is, in respect to the matter directly adjudged, conclusive," etc.

The matter directly adjudged here was, that plaintiff had failed to give security for costs, and therefore could not be heard, and not that she had no cause of action, or that defendants had a valid defense.

A judgment upon the merits is one which determines, either upon an issue of law or fact, which party is right. A judgment that a party cannot be heard can only con-

clude as to that question. It could not determine the merits of the action which the court refused to consider at all. Although not on the merits, should it preclude an absent plaintiff, after becoming a resident here, or after he is able to give security, from bringing another suit? Not being a bar under the statute, we see no reason why it should.

There is nothing in the objection to the admission in evidence of certain statements of plaintiff, and the matter seems utterly harmless if admitted to have been erroneous.

There was a substantial conflict in the testimony, and we cannot review it. The alleged discrepancies in plaintiff's testimony are too obvious. When speaking of her lack of means, she must refer to means furnished by her husband. She speaks of her lack of money and her five thousand dollars in bank almost in the same breath. She was not asked to explain. Her evidence, however, does not seem very satisfactory, but she positively states the essential facts of her case, and the court may have concluded from the appearance and bearing of defendants' witnesses that they were unworthy of belief. At any rate, under the well-established rules, this court cannot interfere.

The appeal from the order refusing to dismiss the case, because judgment was not entered within six months after its rendition.

The findings were filed March 11, 1889. Notice of motion to dismiss was served September 17th, and judgment was recorded September 19th. The notice was given, therefore, five days after the six months had expired, and the judgment was entered seven days after the expiration of that period.

Two excuses were given for the neglect. One that plaintiff's attorney paid four dollars, which he avers the rules of the court required as a fee for the entry of judgment, but did not tell the clerk to enter or to forbear entering the judgment. He claims that this was equivalent to an order to enter it. Appellants deny the exist-

ence of the rule, and the rules are not brought up. We still have, however, the affidavit of plaintiff's attorney that he paid four dollars to the clerk as a fee for recording the judgment.

The other excuse is, that he informed the clerk of defendants' attorney that he would not proceed on the judgment until the motion for a new trial was disposed of. This fact is denied by appellants' attorney, and it seems a little inconsistent with other reasons given for the delay. It appears that appellants were not injured by the delay. The affidavit of their attorney shows that he did not know that judgment had not been entered.

But appellants claim that section 581 of the Code of Civil Procedure is mandatory, and that the court had no discretion in the matter. Plaintiff had neglected to have the judgment entered for more than six months, and defendants were absolutely entitled to the order.

The first clause of section 581 reads: " An action may be dismissed, or a judgment of nonsuit entered, in the following cases." Then follow six subdivisions specifying the cases, in all of which it is claimed the right of a party to a dismissal is absolute. Therefore "may," in the first clause, which applies to all the subdivisions, should be read "must."

But this is a mistaken assumption. The two first cases are where the parties "may" dismiss. These subdivisions are not addressed to the clerk, as appellants assume. Under the first, the plaintiff "may" dismiss; under the second, either party. It is evident that the word cannot be read "must," as applied to either of these cases.

The third applies to the court, and authorizes a dismissal when the plaintiff fails to appear at the trial. This has never been regarded as mandatory, and if it were, the party in default could apply for relief under section 473, when his neglect may be excused.

The fourth provides for the right to have a case dismissed when the plaintiff abandons it. This seems a natural right of the defendant, and may be therefore

considered as mandatory.  The fifth is the ordinary motion of nonsuit, and is not mandatory in any other sense than that every judicial determination should be correct. It is really a judgment upon the evidence as to the rights of the parties,—not conclusive because the statute so ordains.

The only remaining subdivision is the one in question.  We have seen the argument that the language is mandatory because the right is absolute in the other subdivisions cannot be maintained.

The authorities cited do not apply; they are merely to the effect that a public officer cannot decline to do an act which is enjoined upon him by law, or to perform an official duty.  The judge cannot decline to try a case properly pending in his court, or to hear an application for an order he has the power to make, nor can the clerk decline to file papers which parties have a right to have filed.  To suppose that they apply to this case is to assume the very point in debate, that the right is absolute.

But if the right were absolute, the party in default would have the right to apply to be relieved from the order, if made through his excusable neglect, under section 473 of the Code of Civil Procedure, and that being so, it seems trifling to say the excuse cannot be heard when the order is applied for.

Considering that no harm has occurred through the delay, we cannot say that the court abused its discretion in making the order.

We advise that the judgment and the orders be affirmed.

VANCLIEF, C., and BELCHER, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the judgment and the orders appealed from are affirmed.

Hearing in Bank denied.