### KRUGER v. PERSONS et al.

(Supreme Court, Appellate Division, Fourth Department. May 22, 1900.)

1. DISMISSAL—DISCRETION OF COURT.

    An application for leave to discontinue an action brought by a creditor against receivers of the debtor was properly refused, where the proceedings on the part of the plaintiff plainly indicated either an attempt to annoy and harass the defendants, or an effort to obtain a priority over other creditors by commencing another proceeding in another state.

2. SAME—WANT OF PROSECUTION—JUDGMENT

    A judgment dismissing a complaint "on the merits" in default of proof is erroneous.

Appeal from special term, Erie county.

Action by Edward H. Kruger against Henry H. Persons and another, receivers of the Bank of Commerce of Buffalo. From an order denying plaintiff's motion to discontinue the action and a judgment dismissing the complaint on the merits in default of proof, he appeals. Modified and affirmed.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and LAUGHLIN, JJ.

C. J. Church, for appellant.
Edward R. Bosley, for respondents.

ADAMS, P. J. An application for leave to discontinue an action is addressed to the legal, and not to the arbitrary, discretion of the court; and, generally speaking, a plaintiff, upon a tender of costs, is entitled to an order of discontinuance as a matter of right. In re Butler, 101 N. Y. 303, 4 N. E. 518; Winans v. Winans, 124 N. Y. 140, 26 N. E. 293. This rule, however, is not without its exceptions, and, in cases where the court can see that it would be unjust or

highly prejudicial to the interests of the defendant, it may, through
the control which it exercises over its own order, refuse to allow a dis-
continuance,—as, for instance, where a counterclaim is set up against
which the statute of limitations would be a bar (Van Allen v. Sche-
merhorn, 14 How. Prac. 287); or where in an action for divorce upon
the ground of adultery countercharges of adultery by the plaintiff
are alleged in the answer (Campbell v. Campbell, 12 Hun, 636); or
in an action of ejectment where the plaintiff having recovered judg-
ment and been put into possession of the premises, the defendant
paid the costs and took a new trial under the statute (Carleton v.
Darcy, 75 N. Y. 375). It has also been held that leave to discontinue
will be withheld where the obvious purpose of the plaintiff is to harass
the defendant (Livermore v. Berdell, 60 How. Prac. 308); or where
the public may be regarded as a party to, and interested in the re-
sult of, the action (Winans v. Winans, supra). In short, the rule as
stated in the case last cited will justify "the right to refuse leave
whenever circumstances exist which afford a basis for the exercise
of legal discretion." And, we think, the present case clearly falls
within the principle thus enunciated. The defendants are receivers
of a corporation which has been duly dissolved by a judgment of this
court. As such, they are officers of the court whose duty it is to se-
cure and ratably distribute the assets of the corporation to all of its
creditors with as little delay and expense as possible. In the dis-
charge of this duty it appears that certain actions were brought by
them upon a large number of notes made or indorsed by the plaintiff
Kruger in the firm name of "E. H. Kruger & Co."; that in several
of these actions the subject-matter of this action was set up as a
counterclaim, but that when these actions were brought to trial the
counterclaims were withdrawn, and the action tried upon other is-
sues tendered by the answers, and that judgments were subsequently
obtained therein against Kruger, whereupon he brought the action
which he is now seeking to discontinue. This procedure upon the
part of the plaintiff plainly indicates either an attempt to annoy and
harass, or an effort to obtain priority over other creditors by com-
mencing still another proceeding in the state of North Carolina, where
it seems the plaintiff resides, and the defendants have come into
possession of some property belonging to the trust estate which they
represent. In either case the inevitable result of the plaintiff's course
will be to embarrass the receivers in their efforts to execute the trust
which the court has imposed upon them, and to impair the trust
fund to the prejudice of the rights of a large number of creditors.
Moreover, if the object sought be to commence another proceeding
in another state, the court by permitting discontinuance would, indi-
rectly at least, sanction an attempt by one creditor to obtain priority
over the other creditors, and thus enable him to defeat one of the
most salutary provisions of the law applicable to cases of this char-
acter. People v. Trust Co., 150 N. Y. 117, 44 N. E. 949. It would
seem hardly necessary to suggest that in these circumstances the trial
court was invested with a larger discretion than it would ordinarily
possess when dealing with applications for leave to discontinue ac-
tions, and that its exercise of that discretion ought not to be con-

demned. Immediately upon the plaintiff's motion being denied, the case was moved to trial by the defendants; and, the plaintiff refusing to give any evidence, his complaint was dismissed upon the merits, and a judgment to that effect was subsequently entered. This direction was given by the trial court against the remonstrance of the defendants' counsel, who expressed doubt as to his right thereto in the absence of any proof upon the part of the plaintiff. In this, we think, the learned counsel was clearly right. The complaint was dismissed in default of proof, and the merits of the controversy were consequently in no wise involved, as the judgment appealed from erroneously declares. Martin v. Cook (Sup.) 14 N. Y. Supp. 329, affirmed in 142 N. Y. 654, 37 N. E. 569; Stokes v. Railroad Co., 89 Hun, 2, 34 N. Y. Supp. 1051. It follows that the order appealed from should be affirmed, and the judgment amended by striking therefrom the objectionable words.

Order refusing leave to discontinue affirmed, with $10 costs and disbursements, and judgment modified by striking therefrom the words "upon the merits," and as thus modified affirmed, without costs of this appeal to either party. All concur.