(109 App. Div. 874)

FREEDMAN et al. v. SIROTA et al.

(Supreme Court, Appellate Division, Second Department.   December 29, 1905.)

DISMISSAL AND NONSUIT—JUDGMENT ON THE MERITS—CORRECTION OF RECORD.
Where the complaint is dismissed without evidence being offered by either side, and without any question of fact or law involved in the issues being submitted for determination, the judgment should be one of nonsuit, and, being entered as one of dismissal on the merits, plaintiffs are entitled on motion to have the record corrected.

Appeal from Special Term, Kings County.

Action by Max Freedman and another against Hyman Sirota and others. From so much of an order as denied plaintiffs' motion to strike out the words "upon the merits" from the final judgment in the action, and to insert in their place the words "for failure of proof," and to set aside the decision, plaintiffs appeal.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and RICH, JJ.

David Steckler, for appellants.
Adolph Kiendl, for respondents.

HIRSCHBERG, P. J.   The action is for the specific performance of a contract to sell real estate.   When the case was called for trial, the plaintiffs stated that they desired to amend the complaint by alleging depreciation in the value of the property, and to demand an adjudication establishing a vendee's lien for the amount paid or deposited by them or on their behalf under the contract.   The application to amend was denied.   A long colloquy ensued between court and counsel during which it appeared that the plaintiffs did not wish to proceed with the trial for the purpose of compelling specific performance, in the course of which colloquy the defendants tendered the plaintiffs deeds of the property, which the plaintiffs refused to accept at that time.   The plaintiffs asked for an adjournment, but declined to state explicitly whether they would ultimately take the title.   The adjournment was refused.   The plaintiffs finally asked leave to discontinue the action without costs, which was denied; and the court then, without motion, announced that "the complaint is dismissed, with costs."   No evidence was offered on either side, and no question of fact or of law involved in the issues was submitted to the court for determination.   The court made formal findings of fact and of law, and thereon a final judgment in favor of the defendants dismissing the complaint upon the merits was entered.   A motion was thereafter made at Special Term before the justice who presided at the trial to amend the judgment, and the appeal is from so much of the order entered on the hearing of that motion as refused to convert the judgment into one of nonsuit, and to vacate and set aside the findings and decision on the merits.

It was error to render judgment on the merits.   There was nothing before the court on which to base any findings determinative of the issues.   The dismissal could only be in default of proof, and in the absence of proof on either side could not involve a judicial determination of the merits of the controversy.   Kruger v. Persons, 52 App. Div.

50, 52, 64 N. Y. Supp. 841, citing Martin v. Cook (Sup.) 14 N. Y. Supp. 329, affirmed 142 N. Y. 654, 37 N. E. 569, and Stokes v. Atlantic Avenue R. R. Co., 89 Hun, 2, 34 N. Y. Supp. 1051. The proper judgment to be entered was one of nonsuit. As was said in Deeley v. Heintz, 169 N. Y. 129, 132, 62 N. E. 158, 159:

"A nonsuit is the name of a judgment given against the plaintiff when he is unable to prove a case, or when he refuses or neglects to proceed to the trial of the cause after it has been put at issue without determining such issue."

The plaintiffs' practice in moving to correct the record is supported by authority. See Columbia Bank v. Gospel Tabernacle Church, 127 N. Y. 361, 28 N. E. 29; Simmons v. Craig, 137 N. Y. 550, 33 N. E. 76; Woodbridge v. First Natl. Bank, 166 N. Y. 238, 244, 245, 59 N. E. 836.

The order, in so far as appealed from, should be reversed, and the motion to that extent granted.

Order, in so far as appealed from, reversed, with $10 costs and disbursements, and motion granted, with costs. All concur.