[S. F. No. 5673.   Department Two.—January 29, 1912.]

TERESA BELL, Appellant, v. LUCIUS L. SOLOMONS et al, Respondents.

PRACTICE—DISMISSAL—WANT OF PROSECUTION—DESTRUCTION OF RECORD—PARTIAL RESTORATION OF RECORD.—Where, after the reversal of a judgment on appeal and the filing of a supplemental complaint, the entire record in the action was destroyed by fire, and thereafter a partial restoration thereof was had, without restoring the supplemental complaint, a subsequent order, made with knowledge

by the plaintiff of the facts, dismissing the action for want of prosecution, is not irregular or void, on account of the failure to restore the supplemental complaint to the record.

ID.—MATTERS REVIEWABLE ON APPEAL FROM JUDGMENT OF DISMISSAL— APPEAL FROM ORDER REFUSING TO VACATE.—If the judgment of dismissal was void because the record had not been completely restored, or was in excess of the power or jurisdiction of court or clerk, or if good faith required defendants to notify plaintiff of their intention to move for a dismissal, each of such matters was reviewable upon direct appeal from the judgment of dismissal, and will not be reviewed on an appeal from an order refusing to vacate the order of dismissal.

ID.—APPEAL—ORDER REFUSING TO VACATE PRIOR ORDER.—An order refusing to vacate a prior order or judgment from which an appeal may be taken is not appealable unless there is a record which presents matters for consideration that could not be presented upon the appeal from the original order or judgment.

ID.—MERITS NOT CONSIDERED ON MOTION TO DISMISS.—The dismissal of an action for lack of prosecution is without regard to the merits or demerits of the cause of action, and on a review on appeal from such an order the fact that the records show a cause of action in favor of the plaintiff will not be considered.

ID —DISMISSAL OF ACTION OF WHICH RECORD IS DESTROYED.—The trial court has jurisdiction to dismiss an action the record of which has been destroyed, and its power in that respect is in no way dependent upon a restoration of the record.

ID.—FORM OF JUDGMENT OF DISMISSAL.—A judgment rendered in pursuance of a motion to dismiss an action for want of prosecution, reading "It is ordered, adjudged and decreed that plaintiff do take nothing by this action against the defendants, but that judgment of dismissal be and the same is hereby entered herein," is merely a judgment of dismissal, and is not a determination of the merits of the action.

ID.—FAILURE TO PROSECUTE ACTION—INABILITY OF JUDGE TO PERFORM DUTIES.—The failure of the plaintiff to restore the records in such action and to set the cause for trial is not excused by the circumstance that the judge of the department of the superior court in which the cause was originally tried was unable to attend to his duties, when there were eleven other departments of the court to which the action might have been reassigned for trial.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to vacate an order dismissing an action for want of prosecution. John J. Van Nostrand, Judge.

The facts are stated in the opinion of the court.

T. Z. Blakeman, for Appellant.

Edmund Tauszky, and Wallace A. Wise, for Respondents.

HENSHAW, J.—This is an appeal by plaintiff from an 'order of the superior court of the city and county of San Francisco denying her motion to vacate an order made on the motion of defendants dismissing the action for want of prosecution, (Code Civ. Proc., sec. 583). The action was commenced in November, 1899, and was tried in October, 1900. Judgment for defendants was entered in February, 1901. Plaintiff appealed to this court from that judgment and from the order denying her motion for a new trial. On November 19, 1904, the judgment and order were reversed and the cause remanded for a new trial. The *remittitur* was filed in the superior court on January 16, 1905. On August 26th of that year plaintiff filed a supplemental complaint, and upon October 10th following defendants answered thereto. The record in the superior court was destroyed by fire on April 18, 1906. No steps were taken by plaintiff for more than two years, either to restore the record or to bring the action to trial. Finally, upon August 12, 1908, defendants procured a certified and attested copy of the transcript, and a certified copy of the *remittitur,* and filed a petition for an order that this copy of the transcript be made the basis of any further proceedings and that the certified copy of the *remittitur* be filed. This was in conformity with the provisions of the act in relation to the restoration of court records. (Stats. 1906, p. 37.) Notice of the application was served on plaintiff's attorney and without objection on his part, the application itself was granted on September 4, 1908. No suggestion was made at that time by plaintiff's attorney that the record was incomplete or that he desired the restoration of the supplemental complaint and answer thereto above referred to. On September 8, 1908, defendants served upon plaintiff notice of a motion to dismiss the action for want of prosecution, the grounds of the motion being plaintiff's failure to bring the action to trial for more than two years after defendants had answered and for more than three years after the *remittitur* from the supreme court had been filed. The hearing of this motion was had and on September 18, 1908, it was granted and judgment of dismissal

entered upon September 24, 1908. No appeal was ever taken from this judgment of dismissal. Thereafter, on October 9, 1908, plaintiff filed a petition for the restoration of the supplemental complaint and answer thereto. It was argued to the court that as a judgment of dismissal of the action had been entered, these supplemental pleadings should be restored to the record *nunc pro tunc* as of the date of the restoration of the transcript. The court adopted this view, and plaintiff refusing to accept it, the court denied her motion. No appeal was taken from this order. Thereafter, on January 19, 1909, plaintiff gave notice of a motion to vacate the order and judgment of dismissal and this motion was denied on March 17, 1910. It is from this last mentioned order that plaintiff prosecutes her appeal.

The propositions advanced upon this appeal are: 1. That the judgment of dismissal was irregular and void, because material and necessary parts of the pleadings had not been restored to the record; 2. That the judgment as entered was beyond the power of the court or clerk to make or enter, because of the following language in which the judgment is couched: "It is ordered, adjudged and decreed that Teresa Bell, plaintiff, do take nothing by this action against the defendants, but that judgment of dismissal be and the same is hereby entered herein"; 3. That under the facts disclosed, the plaintiff was not guilty of negligence in the prosecution of the action; 4. That plaintiff was a necessary party and an actor in the proceeding instituted by defendants to have the certified transcript filed made the basis of further proceedings and that good faith required defendants to notify plaintiff of their intention to move for a dismissal; 5. That the pleadings and the records show that the plaintiff is entitled to a judgment against the defendants in a sum exceeding one thousand dollars.

It is at once apparent from a reading of these grounds that, one and all, they existed and were within the knowledge of plaintiff at the time of the hearing of defendants' motion to dismiss for lack of prosecution. Thus, plaintiff knew that the record had not been completely restored. Plaintiff knew any and all of the facts which would justify her neglect and failure to restore the record and bring the action to trial. And as to the other propositions, if the judgment of dismissal

was void because the record had not been completely restored, or if the judgment of dismissal entered was in excess of the power or jurisdiction of court or clerk, or if good faith required defendants to notify plaintiff of their intention to move for a dismissal, each and all of these matters were reviewable upon direct appeal from the judgment of dismissal, which appeal was never taken. The fifth proposition, that the records show that plaintiff is entitled to a judgment, is entirely beyond any consideration which here may be entered into. The dismissal of an action for lack of prosecution is without regard to the merits or demerits of the cause of action. The motion is granted as to a meritorious cause of action as well as to one without merit, because in either case there has been a failure upon the part of the plaintiff to use the diligence which the law requires to make an end to litigation.

It is apparent, therefore, that this case is not an exceptional case like those of *Moore* v. *Thompson,* 138 Cal. 23, [70 Pac. 930], and *De La Montanya* v. *De La Montanya,* 112 Cal. 101, [53 Am. St. Rep. 165, 32 L. R. A. 82, 44 Pac. 345], where the facts subsequently arising or subsequently known may control the facts upon which the court exercised its discretion in granting or refusing to grant a particular order, but it is the typical case represented by *Reay* v. *Butler,* 69 Cal. 572, [11 Pac. 463]; *Goyhinech* v. *Goyhinech,* 80 Cal. 409, [22 Pac. 175]; *Harper* v. *Hildreth,* 99 Cal. 265, [33 Pac. 1103]; *Estate of Gregory,* 122 Cal. 483, [55 Pac. 144]; *Mantel* v. *Mantel,* 135 Cal. 315, [67 Pac. 758]; *Alpers* v. *Bliss,* 145 Cal. 565, [79 Pac. 171]; *Kent* v. *Williams,* 146 Cal. 3, [79 Pac. 527]. In the last cited case it is said: "The appeal from the order refusing to vacate the judgment does not present any facts for the consideration of the court other than those which are presented upon appeal from the judgment itself: And the rule is well established that an order refusing to vacate a prior order or judgment from which an appeal may be taken is not appealable unless there is a record which presents matters for consideration that could not be presented upon the appeal from the original order or judgment."

But aside from this, the contentions of the appellant are without merit. The judgment of the court was a dismissal of the action. Its power to dismiss the action did not depend upon a restoration of the records. The jurisdiction was not

lost by a destruction of the records nor regained by their restoration. The jurisdiction of the court was always there and with that jurisdiction it had power under the law to dismiss the action. As little merit is there in the attack on the form of the judgment. It was clearly a judgment of dismissal for lack of prosecution and nothing more. In the nature of things it could not and did not undertake to determine the merits of the action. Indeed the court by the judgment of dismissal, refused to consider them at all. (*Rosenthal* v. *McMann*, 93 Cal. 509, [29 Pac. 121]; *Pyle* v. *Piercy*, 122 Cal. 384, [55 Pac. 141].) Nor is the failure of the plaintiff to restore the records and set the cause for trial in any wise excused by the circumstances, upon which reliance is placed, that Judge Hebbard, who had formerly tried the case, was ill and unable to attend to his duties. Judge Hebbard was but one of the twelve judges of the superior court. The application could and should have been made to the presiding justice to reassign the cause and the application to restore the records could have been made at any time and before any judge.

The order appealed from is therefore affirmed.

Melvin, J., and Lorigan, J., concurred.