[Civ. No. 1957. Fourth Appellate District.—October 20, 1936.]

H. W. EVERTS, Appellant, v. ELSIE V. BLASCHKO, Respondent.

Louis Ferrari, Edmund Nelson and John E. Walter for Appellant.

Frank Birkhauser for Respondent.

MARKS, J.—This is an appeal from a judgment entered after granting a motion to dismiss the action.

This action was brought to recover judgment against defendant for the deficiency remaining after exhausting the security, consisting of a deed of trust on real property, given to secure the payment of a promissory note from defendant to plaintiff. The complaint was filed September 14, 1935. Defendant appeared by demurrer on October 5, 1935, and also filed her motion to dismiss on the same day. As far as the record shows, the trial judge did not rule on the demurrer.

The notice of motion to dismiss specified the following grounds upon which it would be made:

"1. That said action is barred by the order of this court made heretofore in an action filed in the above entitled court, wherein this plaintiff was the plaintiff and the defendant herein was the defendant, and for the same cause of action in all particulars as the cause set forth in the complaint on file in this action, said action so above mentioned being numbered 15765, filed in the office of the county clerk of Imperial County, California, on August 19, 1933, and

an order of dismissal being made by this court therein on September 4th, 1935, upon the motion of this defendant herein, who was the defendant in said action, said order of dismissal being entered in the minutes of this court in Department 2, book 39, page 415.

"2. That said action above entitled was not filed within the time prescribed by sections 337 and 580a, C. C. P. of California, nor has there been any compliance with the requirements of sections 2924 et seq. of the Civil Code of California, and of chapter 642, Statutes of 1933, as shown upon the face of the complaint herein."

The grounds specified in paragraph two, above quoted, are not included within the grounds upon which a motion to dismiss an action may be made. (Secs. 581 to 583, inclusive, Code Civ. Proc.) Furthermore, the note and deed of trust were dated October 15, 1929, the foreclosure proceedings were had in 1933, and this action was instituted on September 14, 1935. Under these circumstances the code sections cited by defendant, except possibly section 337 of the Code of Civil Procedure, the application of which we do not need to decide, cannot avail her in this action. (*Bennett* v. *Superior Court*, 5 Cal. App. (2d) 13 [42 Pac. (2d) 80]; *Brown* v. *Ferdon*, 5 Cal. (2d) 226 [54 Pac. (2d) 712]; *Central Bank of Oakland* v. *Proctor*, 5 Cal. (2d) 237 [54 Pac. (2d) 718].) The bar of the statute of limitations to an action (sec. 337, Code Civ. Proc.) should be set up by demurrer, or in an answer, and not by motion to dismiss.

Plaintiff, on August 19, 1933, instituted an action to recover the identical money due under the deficiency as is sought to be recovered in the instant case. On motion of defendant the first action was dismissed by order of court, under the provisions of section 583 of the Code of Civil Procedure, for failure to bring it to trial within two years. It is evident that under paragraph one of the grounds of the motion to dismiss in the instant case, defendant sought to set up the judgment of dismissal of the first action as a bar to the second. We express no opinion on the question of the propriety of attempting to set up the bar of another judgment by a motion to dismiss a second action.

In the case of *Matteson* v. *Klump*, 100 Cal. App. 64 [279 Pac. 669], the trial court dismissed an action under the

provisions of section 581 of the Code of Civil Procedure and incorporated in the judgment of dismissal the words ''with prejudice to the commencement of another action''. These words were stricken from the judgment for the reason that ''As announced by decisions of the Supreme Court of the state, the ordinary rule is that the dismissal of an action does not operate as a bar to another action for the same cause of action as was stated in the action which was dismissed (*Westbay* v. *Gray,* 116 Cal. 660 [48 Pac. 800] ; *Davenport* v. *Turpin,* 43 Cal. 597; *Parks* v. *Dunlap,* 86 Cal. 189 [25 Pac. 916] ; *Rosenthal* v. *McMann,* 93 Cal. 505 [29 Pac. 121]) ; but specifically, where the dismissal of an action does not purport to go to the merits of the case, the trial court has no authority to include within the judgment of dismissal an order which in effect precludes the plaintiff from instituting another action in which the merits of the controversy may be litigated. (18 Cal. Jur. 1201, and cases there cited.) The case of *Lindblom* v. *Mayar,* 81 Wash. 350 [142 Pac. 695], is particularly in point.'' (See, also, *Steffens* v. *Rowley,* 10 Cal. App. (2d) 628 [52 Pac. (2d) 493].)

The case of *Campanella* v. *Campanella,* 204 Cal. 515 [269 Pac. 433] is decisive of the question raised by paragraph one of the notice of motion before us. It is there said:

'' 'Defendant contends that the judgments of dismissal in the prior action were *res adjudicata* of the matters involved in this action, and barred and estopped plaintiff from maintaining this action.

'' 'Plaintiff contends that as neither of the judgments purports to have been made on the merits of the cause, neither is a bar to the present action. . . . '

''It is clear that the judgment is not *res adjudicata* and therefore not a bar to the present action nor an estoppel upon any issue therein and that the ruling refusing to admit the judgment roll in evidence was proper. The judgment roll not only fails to show a ruling upon the merits but discloses that no such ruling was made. The following from the opinion of the district court of appeal is in point:

'' 'Generally, judgments merely of dismissal, whether voluntary or involuntary, are not on the merits and do not operate as a bar or estoppel in subsequent proceedings involving the same matters, unless it appears that the judgment necessarily involves those matters. (*City of Oakland*

v. *Oakland Water Front Co.,* 118 Cal. 160, 222 [50 Pac. 277]; *Hubbard* v. *Superior Court,* 9 Cal. App. 166 [98 Pac. 394]; *Bell* v. *Solomons,* 162 Cal. 105, 110 [121 Pac. 377]; *Johnston* v. *Baker,* 167 Cal. 260, 263 [139 Pac. 86]; 18 Cor. Jur. 1200; Freeman on Judgments, sec. 753.)

" 'When a case is dismissed without evidence having been offered it is error to render judgment on the merits. There is nothing before the court on which to base any findings determinative of the issues. The absence of proof on either side could not involve a judicial determination of the merits of the controversy. (*Freedman* v. *Sirota,* 109 App. Div. 874 [96 N. Y. Supp. 812].) See, also, *Kruger* v. *Persons,* 52 App. Div. 50 [64 N. Y. Supp. 841]. There must have been a right adjudicated or released in the first suit to constitute the judgment a bar or an estoppel. (*Haldeman* v. *United States,* 91 U. S. 584 [23 L. Ed. 433]; *Rincon Water & Power Co.* v. *Anaheim Union Water Co.,* 115 Fed. 543, 549 et seq. [Welborn, Dist. J.].)

" 'If the record of a judgment of dismissal fails to show that the judgment was given upon a consideration of the merits of the controversy, it is not available as an estoppel. The fact that the judgment was made at the instance of the court gives it no greater weight than if it were merely a judgment of nonsuit.' "

See, also, *City of Oakland* v. *Oakland Water Front Co.,* 118 Cal. 160, at 195 [50 Pac. 277].

The judgment is reversed.

Barnard, P. J., and Jennings, J., concurred.