[No. 11206. In Bank. — February 23, 1887.]

GEORGE DEMICK, APPELLANT, *v.* MARTIN CUDDIHY, RESPONDENT.

MORTGAGE — MORTGAGEE IN POSSESSION — AGREEMENT FOR APPLICATION OF RENTS. — An agreement between a mortgagor and a mortgagee in possession, or a mortgagee authorized to collect the rents of the mortgaged premises, to the effect that the excess of the rents over and above the interest of the mortgage debt shall be applied to other indebtedness due from the mortgagor to the mortgagee, is valid.

APPEAL from a judgment of the Superior Court of Del Norte County, and from an order refusing a new trial.

The action was brought by the plaintiff, as the grantee of one George H. Crumpton, to redeem a mortgage executed by the latter to the defendant. The complaint alleged that the mortgage, which was in the form of a deed with a defeasance, was executed to secure the payment of eight hundred dollars, with interest, in two years from the 19th of April, 1881, and that the mortgagor sold the mortgaged premises to the plaintiff on the 16th of May, 1883. The complaint further alleged that by the terms of the mortgage the defendant was to collect the rents of the mortgaged property, and apply the same to the payment of the interest as it became due, and the balance to the principal of the mortgage debt. It then averred that all of the interest, and a large portion of the principal, had been paid from the rents collected, and that the balance due on the principal had been tendered to the defendant. The answer, after denying that the rents collected over and above the interest should have been applied on the principal, or that any part of the principal had been paid, averred that at the time of the execution of the mortgage, Crumpton was indebted to the defendant, and afterwards incurred certain other indebtednesses, which were in addition to the consideration of the mortgage; that it was agreed by them that any rents in excess of the interest should be paid on such indebtedness, and that the excess was so applied. A demurrer of the plaintiff to that portion of the answer setting forth the foregoing facts was overruled. The defendant also filed a cross-complaint, praying for the foreclosure of the mortgage. Judgment was rendered in favor of the defendant. The further facts are stated in the opinion of the court.

*L. F. Cooper,* and *Sawyer & Burnett,* for Appellant.

*W. H. H. Hart, Aylett R. Cotton,* and *R. G. Knox,* for Respondent.

The COURT.—For the reasons given in the opinion of Department One (filed December 7, 1886), the judgment and order are reversed, and cause remanded for a new trial, and with leave to the parties to apply to the court below for leave to amend their pleadings if they shall be so advised.

The following is the opinion of Department One, above referred to:—

McKINSTRY, J.—The demurrer of plaintiff to "the second separate cause of defense" was not well taken. The answer alleges:—

"1. That at the time of the execution of the mortgage in the complaint set forth, the mortgagor thereof was indebted to this defendant for goods, wares, merchandise, and money, aside from the consideration of said mortgage, had and received; 2. That from time to time since the execution of said mortgage, and prior to the deed from George H. Crumpton to the plaintiff herein, in the complaint set forth, the said Crumpton has incurred sundry items of indebtedness to this defendant; 3. That it was mutually understood and agreed, by and between said George H. Crumpton and this defendant, that any rents collected under and by virtue of said mortgage in excess of the interest on the principal sum thereof should be applied to the liquidation of the debts existing at the time of the execution of said mortgage, and those thereafter to be incurred, and such excess was and has been so applied."

Counsel for appellant say: "Our theory is, that in an action to redeem a mortgage, where the mortgagee is in possession of the premises, he is accountable for the

rents and profits; and the same, as they are received by him, should be applied to the extinguishment of the mortgage debt.   In support of this view, we cite Story's. Eq. Jur., 12th ed., sec. 1016 a; *Gibson* v. *Crehore*, 5 Pick. 158; Jones on Mortgages, secs. 671, 772; *Morse* v. *Merritt*, 110 Mass. 460, where the court say: ' So long as any portion of the mortgage debt remained due, the mortgagee would take the rents recovered, in trust, to account for and apply towards its payment.' "

But we know of no equitable principle which will prohibit a binding contract between mortgagor and mortgagee in possession, or mortgagee who has been authorized to collect the rents, by which it is stipulated that the excess of rents beyond interest of the mortgage debt shall be applied to other indebtedness due from the mortgagor, or to become due up to an assignment of the equity of redemption.   The equity imposed upon the mortgagee receiving rents to apply them to the interest and then to the principal of the mortgage debt, etc. (in the absence of specific agreement), may be overcome and supplanted by a specific agreement between mortgagor and mortgagee for the disposition of the rents.

The court below, however, failed to find upon the issues made by the allegations in the answer above quoted, and the implied denials thereof.   The court found "that all the allegations of the said defendant's cross-complaint are true."   The allegations above recited are not in the *cross-complaint*, and there is no finding that the averments in the answer are true.

Judgment and order reversed, and cause remanded for a new trial, and with leave to the parties to apply to the court below for leave to amend their pleadings if they shall be so advised.

MYRICK, J., and THORNTON, J., concurred.

Rehearing denied.