[No. 19073. Department One. — February 27, 1893.]

## JESSIE N. MARSHALL, Respondent, *v.* JACOB S. TAYLOR, Appellant.

Dismissal of Action — Neglect to Enter Judgment for Six Months — Payment of Costs. — A motion to dismiss an action upon the ground that the plaintiff entitled to judgment has neglected for more than six month after the rendition of the verdict to demand and have the judgment entered is properly denied, where it appears that the plaintiff paid to the clerk the costs of the action immediately after the verdict, and presented him with a form of the judgment to be entered. In such case, the party asking to have the judgment entered has a right to rely upon the assumption that the clerk will make the entry, as required of of him by section 664 of the Code of Civil Procedure.

Id. — Notice of Non-entry of Judgment — Certificate to Transcript upon Appeal — Bill of Exceptions — Estoppel. — A certificate of the clerk to the transcript upon appeal, that no judgment had been entered upon the verdict, cannot be used as notice to charge the respondent with neglect in not having had the judgment entered until service of notice of a motion to dismiss the action; and the appellant is estopped from using it for such purpose, when the appeal is both from the judgment and from an order denying a new trial, and his bill of exceptions states that the judgment was entered immediately after rendition of the verdict, and that the judgment was introduced in evidence upon the hearing of the motion for a new trial.

Id. — Entry of Judgment Nunc pro Tunc — Record Evidence — Delay for More than Six Months. — The pleadings, the minutes of the court, and the verdict in an action are sufficient record evidence to sustain the action of a court in ordering an entry of a judgment *nunc pro tunc*, although more than six months have elapsed from the rendition of the verdict.

Id. — Judgment upon Verdict — Delay of Clerk — Neglect of Ministerial Duty. — The fact that the delay to enter the judgment upon the verdict was the delay of the clerk, and not of the court, does not affect the right to have the judgment entered *nunc pro tunc*. The verdict is equivalent to findings by the court, and section 664 of the Code of Civil Procedure is equivalent to an express direction by the court to the clerk to enter the judgment, whose ministerial duty it is to enter the judgment as required by statute.

Id. — Neglect to Enter Rendered Judgment — Lapse of Time. — Where the trial court has rendered a judgment in an action, but the same has not been entered on the record, whether in consequence of the neglect of the court, or neglect or misprision of the clerk, an order may properly be made that the judgment rendered be entered *nunc pro tunc*, without regard to the lapse of time, where third persons are not injured thereby.

Appeal from an order of the Superior Court of Los Angeles County denying a motion to dismiss an action,

and from an order granting a motion for an entry of judgment *nunc pro tunc.*

The facts are stated in the opinion of the court.

*C. C. Stephens,* for Appellant.

The failure to enter the judgment within the six months entitled the defendant to a dismissal of the action, no good cause being shown against it. (*Waters* v. *Dumas,* 75 Cal. 563; *Moore* v. *Superior Court,* 86 Cal. 495; *Wolff* v. *Canadian Pac. R'y,* 89 Cal. 333; *Buell* v. *Emerick,* 85 Cal. 116; *People* v. *Goodhue,* 80 Cal. 200; 1 Black on Judgments, secs. 106, 110.) Before the abolishment of court terms, the court had no power to enter a *nunc pro tunc* order after the adjournment of a term, where there was nothing in the record showing that the order was ever made. (*Hegeler* v. *Henckell,* 27 Cal. 491.) Since court terms have been abolished, the six months' limitation of sections 473 and 581 of the Code of Civil Procedure supplies the place of terms. (See *Bell* v. *Thompson,* 19 Cal. 706; and read section 473 of the Code of Civil Procedure for section 68 of the Practice Act, which substitute "six months" for "term"; *Casement* v. *Ringgold,* 28 Cal. 335; *Sanchez* v. *Carriaga,* 31 Cal. 170; *Murdock* v. *De Vries,* 37 Cal. 527; *Wakelee* v. *Davis,* 62 Cal. 514.) Negligence of attorneys is no ground for setting aside a judgment. (*Smith* v. *Tunstead,* 56 Cal. 175.) Motion to set aside judgment more than six months after entry of judgment is too late. (*Hill* v. *Beatty,* 61 Cal. 292; *Estate of Hudson,* 63 Cal. 454; *Dean* v. *Superior Court,* 63 Cal. 474; *Wallace* v. *Center,* 67 Cal. 134; *People* v. *Greene,* 74 Cal. 400; 5 Am. St. Rep. 448; *People* v. *Goodhue,* 80 Cal. 200.) The motion to have the judgment entered *nunc pro tunc* should have been denied, as such an entry can be made only when the delay has arisen from the act of the court (2 Bouvier's Law Dict., tit. Nunc Pro Tunc; Freeman on Judgments, secs. 56–59); and the record must contain some memorandum or entry to base the order on. (*Metcalf* v. *Metcalf,* 19

Ala. 319; 54 Am. Dec. 190; *Hegeler* v. *Henckell*, 27 Cal. 491; *Swain* v. *Naglee*, 19 Cal. 127; *Hyde* v. *Curling*, 10 Mo. 359; *Hudson* v. *Hudson*, 20 Ala. 364; 56 Am. Dec. 200; Freeman on Judgments, secs. 61, 62.) The failure of the court to act, or its incorrect action, cannot authorize a *nunc pro tunc* entry. If no judgment be rendered, or if an imperfect or improper one be rendered, the court has no power to remedy the error or omission by treating it as a clerical misprision. (Freeman on Judgments, sec. 68; *Hyde* v. *Curling*, 10 Mo. 359; *Gibson* v. *Chouteau*, 45 Mo. 171; 100 Am. Dec. 366.)

*W. W. Holcomb, W. T. Williams,* and *J. W. Cochran,* for Respondent.

The court had power to direct judgment to be entered after the expiration of six months from the date of the verdict or decision. (*Rosenthal* v. *McMann*, 93 Cal. 505; *Swain* v. *Naglee*, 19 Cal. 127; *People* v. *Ah Ping*, 27 Cal. 490; *Buckman* v. *Whitney*, 28 Cal. 556–560; *Gray* v. *Palmer*, 28 Cal. 416.)

PATERSON, J. — Plaintiff recovered a judgment against the defendant in the court below for the sum of twenty-five thousand dollars damages on December 18, 1890. On that day her counsel gave to the clerk the form of judgment, and paid him the costs of the action. The verdict was duly recorded, and the judgment was filed, but was not entered. In due time the defendant moved for a new trial. The motion was denied, and the defendant appealed on June 26, 1891. The notice of appeal served upon the plaintiff states that the defendant appeals to the supreme court from the final judgment given, made, rendered, and entered in the cause on December 18, 1890, and also from the order of June 12, 1891, denying defendant's motion for a new trial therein. The transcript on appeal was served upon respondent on August 25, 1891, and contains a certificate of the clerk, which states that no judgment has ever been rendered or entered in the action. On December 9, 1891, the

appellant served upon respondent a notice of motion to dismiss the action upon the ground that the plaintiff had neglected for more than six months after the rendition of the verdict to demand or have entered a judgment thereon.    About the same time, plaintiff served the defendant with notice of motion to have judgment entered "as of the date the *eighteenth day of January, 1890.*"    The motions were heard together.    The motion of the defendant for a dismissal of the action was denied, and the motion of plaintiff " for an order directing the clerk to enter judgment *nunc pro tunc* as of January 18, 1890," was granted.    From these orders the defendant has appealed.

We think the court properly denied the motion to dismiss the action.    The application was based upon section 581 of the Code of Civil Procedure, which provides that " an action may be dismissed . . . . in the following cases: . . . . 6. By the court when, after verdict or final submission, the party entitled to judgment neglects to demand and have the same entered for more than six months."    This section is not mandatory (*Rosenthal* v. *McMann,* 63 Cal. 505); and if it were, would not authorize a dismissal of the action under the circumstances shown in this case, because there was no " neglect " on the part of the plaintiff.    When plaintiff paid to the clerk the costs of the action after verdict, and presented him with a form of the judgment which she desired to have entered, she had a right to rely upon the assumption that the clerk would perform the duty required of him by the statute.    Section 664 of the Code of Civil Procedure provides that " when trial by jury has been had, judgment must be entered by the clerk, in conformity to the verdict, within twenty-four hours after the rendition of the verdict, unless the court order the case to be reserved for argument or further consideration, or grant a stay of proceedings."

It is claimed that the clerk's certificate to the transcript was notice to the respondent that no judgment had ever been entered, and she, having neglected there-

after, until the notice of motion to dismiss was served, to take any steps to have the judgment entered, it was an abuse of discretion in the court below to refuse to dismiss the action.   But the certificate of the clerk cannot be used, and never was intended to be used, for any such purpose.   If it were evidence of notice under any circumstance, the appellant ought not to be allowed to use it for such a purpose, after having incorporated into his bill of exceptions a statement that immediately after the rendition of the verdict, " on the eighteenth day of December, 1890, judgment was rendered and entered in said case in accordance with said verdict," and also a certificate of the judge, to the effect that on the hearing of the motion for a new trial, among other documents introduced in evidence, was the judgment, and having also stated in his notice of appeal served upon respondent that the appeal was from the judgment entered on the eighteenth day of December, 1890, in favor of plaintiff, and against the defendant.

It is contended that a judgment *nunc pro tunc* can be entered only when the delay has arisen from the act of the court, and that there is nothing in the record upon which to base an order of entry *nunc pro tunc*.   Neither of these contentions is sound.   The pleadings, the minutes of the court, and the verdict were sufficient record evidence to sustain the action of the court.   The verdict is equivalent to findings of fact and conclusions of law, and section 664 of the Code of Civil Procedure is equivalent to an express direction by the court to the clerk to enter judgment in accordance with the verdict.   The rights of the parties were fully determined, there was no question as to the form or substance of the judgment, and nothing remained to be done but the mere ministerial duty to be performed by the clerk of entering the judgment, as required by the statute. (*Casement* v. *Ringgold*, 28 Cal. 339; *Gray* v. *Palmer*, 28 Cal. 416.)   The rule is, that where the court has actually rendered a judgment, but the same has not been entered on the record, whether in consequence of the neglect of the

court, or neglect or misprision of the clerk, an order may be made that the judgment rendered be entered *nunc pro tunc*, and this may be done after the expiration of the term, — in this state, after the expiration of six months. Such an order was made in a case, although nearly eight years had elapsed, it appearing that third persons would not be injured thereby. In such a case the effect of the order is simply to supply matters of evidence. The record is merely amended by inserting in the memorial of the proceedings that which has been improperly omitted therefrom. (1 Black on Judgments, secs. 128–133.)

The appellant's rights on appeal will not be affected by the action of the court below, because the order relates back to the time the proceedings of the court actually took place, and the *nunc pro tunc* entry of the judgment becomes a part of the entry of that date, the same as if it had actually been entered then. "There can be no doubt that such an entry may operate so as to save proceedings which have been had before it is made." (1 Black on Judgments, sec. 136.)

To protect the rights of the parties, however, it is necessary that the order of the court granting the plaintiff's motion should be corrected in one respect. It directs the clerk "to enter a judgment *nunc pro tunc* as of January 18, 1890." The word "January" is a palpable mistake as to the month. The action was not commenced until March 22, 1890, and the record shows beyond question that the judgment ought to have been entered *December* 18, 1890.

The order denying the defendant's motion to dismiss the action is affirmed, and the court below is directed to amend the order granting the plaintiff's motion, by striking out the word "January," and inserting in lieu thereof the word "December." As so modified, the last-named order will stand affirmed; and there being no merit in the appeal, the appellant will not recover the costs thereof.

HARRISON, J., and GAROUTTE, J., concurred.