## NEIHAUS et al. v. MORGAN et al.

## S. F. No. 244; June 2, 1896.

### 45 Pac. 255.

Action—Motion to Dismiss When Judgment not Entered in Time.—A motion to dismiss an action tried to the court, on the ground that plaintiff has neglected to have judgment entered for more than six months after decision, is not authorized by Code of Civil Procedure, section 581, where neither party is entitled to judgment at the time, because written findings have not been prepared and approved by the judge, or waived by the parties.[1]

Mechanic's Lien—Statement of Claim.—Code of Civil Procedure, section 1187, prescribing what facts must be stated in the recorded claim of a mechanic's lien, inter alia, requires a statement of claimant's "demand after deducting all just credits and offsets," but does not require a statement that the materials furnished and used were furnished "to be" used in the buildings. Held, that the claim of lien need not contain such statement.

Mechanic's Lien.—A Claim of Lien on Two Buildings Stated that the reasonable value of the materials furnished by plaintiffs for each house was $182.70, no part of which had been paid, and that the sum of $365.40, "in gold coin of the United States," was still due on such buildings, after deducting all just credits and offsets. Held, that the claim was not open to the objection that it did not state the amount of plaintiffs' demand after deducting all just credits and offsets, because of the quoted words.

Mechanic's Lien.—In an Action to Enforce a Mechanic's Lien on two buildings, the decree was that plaintiffs have a valid lien on the houses and lot for the sums found due them; that the sheriff sell the property, and from the proceeds of the sale pay plaintiffs the sums found due them, viz., $365.49 on account of their claim, $50 for attorneys' fees, and $45.60 for their costs; and that he bring the surplus money, if any, into court, to abide its further order. Held, that the decree was not open to the objection that it was unintelligible, and incapable of being executed by the sheriff.

APPEAL from Superior Court, Alameda County; John Ellsworth, Judge.

Action by Neihaus Bros. & Co. against Mattie Morgan and others to enforce a mechanic's lien. From a decree for

---

[1] Cited in Rickey Land etc. Co. v. Glader, 153 Cal. 180, 94 Pac. 769, as showing that dismissal in such cases has been recognized always, as within the trial court's discretion.

plaintiffs and an order denying a new trial defendant Mattie Morgan appeals.    Affirmed.

Ben Morgan for appellant; Philip Teare and T. F. Graber for respondents.

VANCLIEF, C.—The appellant, Mattie Morgan, wife of defendant Benjamin F. Morgan, being the owner of a lot in the town of Berkeley, County of Alameda, having a frontage of one hundred feet on Channing Way, and extending therefrom three hundred and four and one-half feet, entered into a written contract with defendants Higgins, Davidson & Co., by the terms of which the latter agreed to build two dwelling-houses on said lot, and to furnish all the materials therefor, and the former agreed to pay for the building of said houses $6,000, by certain installments, the last of which installments was to be paid when both houses should be completed. A memorandum of the contract was filed with the recorder of Alameda county before the commencement of the work, but did not state nor show that twenty-five per cent, or any part of the contract price for the building of said houses, or either of them, was made payable at least thirty-five days after the final completion of the work on said houses, or on either of them, or at any time after such completion, but did show that the final payment was to be made when and as soon as both houses should be completed, and all bills paid and liens waived. This action was brought to enforce a lien on said houses and lot for the reasonable value of materials alleged to have been furnished by plaintiffs at the request of Higgins, Davidson & Co. and appellant, to be used, and which were used, in the construction of said houses, which reasonable value is alleged and found to have been $365.40, and also to enforce two other similar liens for materials furnished—one in favor of Oscar Mayer for $100, and the other in favor of Henry Andrew for $306.60—the demands secured by which had been assigned to the plaintiffs. The trial court found in favor of plaintiffs on their claim of $365.40 for materials furnished by themselves, but in favor of the appellant on the two demands which had been assigned to plaintiffs, on the ground that the claims of lien for the assigned demands had not been filed in the recorder's office within thirty days after the completion of the houses. A final decree in accordance with these findings was entered, from which, and from

an order denying a new trial, the defendant Mattie Morgan appeals.

1. Immediately after trial the cause was submitted to the trial court on briefs thereafter to be filed. Thereafter, on May 20, 1893, that court, in the absence of plaintiffs' attorneys, orally announced its conclusions of law, which the clerk entered in the minutes as follows: "It is ordered that judgment be, and the same is hereby, entered for plaintiffs, foreclosing lien of plaintiffs filed by them for $365.10 and costs, and $50 for attorneys' fees; and it is further ordered, adjudged, and decreed that the prayer of plaintiffs for judgment on the assigned claims of Messrs. Andrew and Mayer be, and the same is hereby, denied." No order or request was made that the attorneys for either party draw findings, and no written findings were made or filed, and no formal judgment entered, within six months after the entry of said minute order of May 20, 1893. After the expiration of six months from the entry of said minute order, Mr. Ben Morgan, as attorney for the defendant Mattie Morgan, moved the court to dismiss the action "on the ground that said plaintiff has neglected to demand and have judgment entered for more than six months from the date of the decision, he being during all of said time entitled thereto." The court denied this motion, and the attorney for defendant excepted. Thereafter written findings of fact and conclusions of law were filed, in accordance with which a formal decree was then entered enforcing the lien for the sum of $365.40, without interest, and for costs. Counsel for appellant contends that the denial of the motion to dismiss the action was error for which the judgment should be reversed, and, as authority for this, relies upon the sixth division of section 581 of the Code of Civil Procedure. It has been held by this court that the sixth division of section 581 is not mandatory, and that the exercise of the discretionary power of the court in granting or denying a motion to dismiss an action for the cause therein mentioned will not be disturbed, except for an apparent abuse of such power: Rosenthal v. McMann, 93 Cal. 505, 29 Pac. 121; In re McDevitt, 95 Cal. 17, 30 Pac. 101; Marshall v. Taylor, 97 Cal. 422, 32 Pac. 515. The only showing of negligence on the part of plaintiffs' attorneys, in addition to the facts above stated, is the affidavit of defendant's attorney "that on or about the twenty-fifth

day of May, 1893, Philip Teare, one of the attorneys for the plaintiffs, informed deponent that the above-entitled cause had been decided by the court, but that his associate, Mr. T. F. Graham, was dissatisfied with said decision,'' thus showing merely that plaintiffs' attorney had notice of the minute order above stated about five days after it was made, and that he was dissatisfied with it. On the part of plaintiffs, the affidavits of their attorneys are to the effect that, after the announcement of the conclusions of the court, they applied to the judge to reconsider the evidence, and the law applicable thereto, before making written findings, and that the judge had promised so to do; that, unless he changed the conclusions of law as expressed in said minute order, they had intended to move for a new trial; that a few days before the motion to dismiss the action, they had prepared written findings, which, by request of the court, they submitted to defendant's attorney, who did nothing with them; and that they had understood that it was the duty of the judge to draw the written findings, unless he elected to request attorneys to draw them, and did not understand that they were entitled to have a judgment entered before such findings were filed. Moreover, it does not appear that the defendant was, or could have been, injured by the delay. No interest upon the demand upon which plaintiffs recovered was allowed before judgment, which judgment was entered after the motion to dismiss was denied, and not nunc pro tunc. The only pretense of injury is that the lien upon defendant's property was prolonged. But this was due to the default of the defendant, who might have discharged the lien by payment at any time. Furthermore, it is not perceived that the delay was not caused by the negligence of defendant equally with that of plaintiffs. As written findings were not waived, neither party was entitled to demand the entry of a judgment until such findings were prepared, and approved by the judge. Why had not the defendant an equal right with plaintiffs to urge and promote a speedy preparation of findings, if she desired so to do? It appears that both parties were dissatisfied with the conclusions of law orally announced by the court. Plaintiffs were defeated on two of the three counts of their complaint, embracing more than half of their demand; and therefore the conclusions of law announced were apparently as favorable to defendant as to the plaintiffs, and the defendant was,

equally with plaintiffs, entitled to have the judgment entered. But however this may be, since it does not appear that either party was entitled to demand the entry of judgment at any time before the motion to dismiss the action, that motion was not authorized by section 581 of the Code of Civil Procedure, and for this reason alone was properly denied.

2. It is claimed by appellant that, although it is stated in plaintiffs' recorded claim of lien that they furnished certain material actually used in the buildings, it is not therein stated that such materials were furnished "to be used" in said buildings, and for this reason that the claim of lien is void. Section 1187 of the Code of Civil Procedure prescribes what facts must be stated in the recorded claim. Among other things, it requires a statement of the claimant's "demand after deducting all just credits and offsets," but does not require a statement that the materials furnished and used were furnished "to be used" in said houses. Under section 1183, however, it has been held that a complaint for the enforcement of a lien for materials furnished must contain an averment that the materials were furnished to be used in the construction, etc.: Patent Brick Co. v. Moore, 75 Cal. 205, 16 Pac. 890; Cohn v. Wright, 89 Cal. 86, 26 Pac. 643. In this case it is alleged in the complaint that the plaintiffs "furnished . . . . all the doors, window sashes, and glass, window weights and window cords, used and to be used in the said construction of, and now actually in and a part of, said two frame dwelling-houses or structures, at the special instance and request of said defendants Higgins, Davidson & Co., and that the reasonable value of the same was and is $365.40, and that no part thereof has been paid." None of these allegations was sufficiently denied, and there was no demurrer to the complaint. The cases cited by appellant relate only to the complaint, and not to the recorded claim of lien.

3. It is contended that the recorded claim of lien does not state the amount of plaintiffs' demand "after deducting all just credits and offsets." The claim of lien states that the reasonable value of the materials furnished by plaintiffs for each house was $182.70, no part of which had been paid, and "that the sum of $365.40, in gold coin of the United States, is still due and owing upon said buildings, after deducting all just credits and offsets." The specific objection to this

is that the demand is measured by United States gold coin. But surely this statement of plaintiffs' demand was sufficiently definite, since United States gold coin is lawful money, by which all values of property or labor may be accurately measured in any part of the United States. Read in connection with all other parts of the claim, this statement of plaintiffs' demand is clearly sufficient. Under it the plaintiffs were entitled to prove and recover, as they did, $365.40, in lawful money of the United States. Neither the complaint nor the judgment restricts the recovery to any particular kind of money. Nor was the property ordered to be sold for gold coin. In this connection it is objected that the claim of lien stated only the contract price of the materials. But it also stated the reasonable value thereof, and the court found such reasonable value, and the judgment is in conformity with the finding in this respect.

4. It is claimed that the judgment "is unintelligible, and incapable of being carried out by the sheriff," because it is not stated which of the defendants shall pay the amount found due the plaintiffs. A sufficient answer to this is that there is no personal judgment against any one of the defendants. The judgment, in substance, is that the plaintiffs have a valid lien upon the houses and lot for the sums found due them; that the sheriff sell the property, and from the proceeds of the sale pay plaintiffs the sums found due them, viz., $365.49 on account of their claim, $50 for attorneys' fees, and $45.60 for their costs; and that he "bring the surplus money, if any, into court to abide its further order." Surely, the sheriff can execute this decree.

5. It is contended that the finding that the claim of lien was filed for record within thirty days after the buildings were completed is not justified by the evidence. The plaintiffs' claim of lien was filed for record September 17, 1890, and the court found that the buildings were completed on August 20, 1890. This finding appears to be supported by a preponderance of the conflicting evidence.

Other points made by appellant are not sufficiently plausible to merit special consideration. I think the judgment and order appealed from should be affirmed.

We concur: Belcher, C.; Britt, C.

PER CURIAM.—For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.