SAN JOSE RANCH COMPANY et al., Appellants, v. SAN JOSE LAND AND WATER COMPANY, Respondent.

DISMISSAL OF SUBMITTED CAUSE—NEGLECT TO DEMAND JUDGMENT OF NON-SUIT—IMPROPER ORDER.—After a cause has been tried by the court, and submitted to it by both parties for a decision upon the merits, the court cannot, in deciding the case, order that a nonsuit be granted, and the action dismissed, on the ground that the defendant had neglected to demand and have a judgment of nonsuit entered for more than six months, under subdivision 6 of section 581 of the Code of Civil Procedure.

ID.—DUTY OF COURT TO MAKE FINDINGS—DUTY OF CLERK.—If findings are not waived when a cause is submitted to the court, it is incumbent on the court to make findings; and upon them it is the duty of the clerk to enter judgment at once.

ID.—RIGHT OF PLAINTIFF TO FINAL JUDGMENT—REVIEW UPON APPEAL FROM ORDER OF DISMISSAL FOR NEGLECT.—Where the cause has been submitted upon the merits, by both parties, the plaintiff, as well as the defendant, has a right to a final judgment upon the merits, and to have the merits properly reviewed upon appeal therefrom. The merits cannot be reviewed upon appeal from an order dismissing the action because of neglect of the defendant in entering judgment. Upon such an appeal, the only questions for review are whether the neglect warranted the dismissal, and whether it was a proper case for dismissal for neglect.

ID.—ERROR INJURIOUS TO PLAINTIFF.—An erroneous dismissal of the action for neglect of the defendant, after submission upon the merits, can be seen to be injurious to the plaintiff, and to require a different result to be reached but for the error complained of in the rendition of a final judgment upon the merits.

APPEAL—REVERSAL FOR ERROR—PROBABILITY OF DIFFERENT RESULT—RESTRICTION OF CODE PROVISION—CONSTITUTIONAL LAW—DUE PROCESS OF LAW.—The provisions of section 475 of the Code of Civil Procedure, as amended in 1897, requiring that no judgment shall be reversed by reason of any error, et cetera, unless it appears from the record that it was "prejudicial," and that the appellant "suffered substantial injury" therefrom, and that "a different result would have been probable" if the error, et cetera, had not occurred, must be limited by reference of those terms to the final judgment. Unless so limited, that section is unconstitutional, in attempting to deprive parties of their constitutional right to due process of law, consisting of a trial governed by the established rules of evidence, and a procedure suitable and proper to the nature of the case, and sanctioned by the established usages and customs of the courts.

Id.—Uniformity in Administration of Justice—Jurisdiction of Supreme Court—Power of Legislature.—Uniformity in the administration of justice is a fundamental right of every litigant, and to secure this uniformity is the function of the appellate court, whose jurisdiction is derived from the constitution. The legislature, as a co-ordinate branch of the government, cannot interfere with the performance of that function, or control the use by the appellate court of the power and discretion vested in it.

Id.—Departure from Established Rules—Record upon Appeal—Error without Injury—Judicial Question.—It is only where the appellate court can see from the record that a departure from established rules is an error without substantial injury to the appellant, that he is not an aggrieved party; and the courts should not go farther than this, even if authorized by the legislature. Whether such a departure requires a reversal is generally a judicial question.

APPEAL from a judgment of the Superior Court of Los Angeles County. W. H. Clark, Judge.

The facts are stated in the opinion of the court.

J. S. Chapman, for Appellants.

R. Dunnigan, and Anderson & Anderson, for Respondent.

TEMPLE, J.—The plaintiffs claim certain water rights by appropriation. They charge that the defendant has wrongfully diverted water to which they are entitled, greatly to their damage, and threatens to continue to do so. They ask for an injunction during the pendency of the action, and that it be made perpetual, and for five thousand dollars damages.

An answer was put in which took issue with the allegations of the complaint and asserted adverse rights in defendant.

Upon these issues the action was tried without a jury, evidence put in on both sides, and the case argued by counsel and submitted for decision. Some seven months or more after the submission the court made an order dismissing the case.

The judgment of dismissal recites that the case was finally submitted to the court for its decision more than six months before, and that the court, after due consideration, has determined that the defendant is entitled to a nonsuit, and that defendant has failed to demand a nonsuit for more than six months; it was therefore ordered and adjudged that a nonsuit be granted, "and that the action be dismissed."

It is contended that this action was warranted by subdivision 6, section 581, of the Code of Civil Procedure, which reads: "By the court, when after verdict or final submission the party entitled to judgment neglects to demand and have the same entered for more than six months."

The ready answer to this is, that no one was entitled to have the judgment entered until it had been rendered. If findings were not waived, it was incumbent upon the court to make findings, and upon them it was the duty of the clerk to enter judgment at once. (Code Civ. Proc., sec. 664.)

The defendant who fails to demand a nonsuit is in no default. It is his privilege and right, although he can obtain a nonsuit, to demand instead a regular judgment on the merits. In this case both parties demanded a judgment on the merits by a final submission.

It is said that plaintiff is not injured, although the action of the court was erroneous. The court found that judgment must be for the defendant, and a dismissal, it is contended, is no worse for the plaintiffs than an adverse judgment. In fact, respondent argues, it is better, for it leaves them at liberty to sue again, and is not an estoppel. But the one purpose of plaintiffs in bringing the suit was to have their rights determined. It would not advance their interests to have the suit disposed of without determining the disputed claims of the parties. They certainly cannot appeal as easily, or as conveniently present their view of the controversy, as they might have done if findings had been filed. It is said that plaintiffs may now have the judgment of dismissal set aside if, upon appeal, it should be found that there was any evidence to support their contentions. This assumes that upon an appeal from the order dismissing the case this court could consider the case as though a judgment of nonsuit had been granted. I do not see how this could be on an appeal from an order dismissing an action because of neglect in entering the judgment. The dismissal is because of neglect, and whether the neglect was such as to warrant and justify the dismissal would be the subject of review on such appeal. Or, perhaps, whether it was a case for dismissal for neglect.

It may be said that injury cannot be presumed from error;

that the court must be able to see from the record that the appellant has been aggrieved, or no relief can be granted. Section 475 of the Code of Civil Procedure is cited to that point. Among other matters contained in the section it is said: "No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, and also that by such error, ruling, instruction, or defect that said party complaining or appealing sustained and suffered substantial injury, and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed. There is no presumption that error is prejudicial." In this particular case, I think we can see that a different result would have been reached but for the error complained of. The plaintiffs would have had their action tried and the issues disposed of by a judgment which could have been reviewed here, and the rights and liabilities of the parties finally disposed of. But unless some very restricted meaning can be given to the amendment to section 475 it is plainly unconstitutional and void. The "substantial injury" and "different result" mentioned must have reference to the final judgment. Ordinarily, we cannot ascertain or determine "from the record" whether the appellant has suffered substantial injury, or whether a different final result would have been reached, had not some particular error been committed. If the court were erroneously to refuse to receive any evidence for a party, and should arbitrarily determine all issues against him, this court could not determine from the record whether he would have fared better if the evidence had been admitted. So if, in an ordinary action at law, a court were to erroneously deny a jury trial, the record could not disclose that a different result would have been probable if the error had not been committed, although it would plainly enough show that a party had been denied a trial according to the law of the land. A person against whom such a ruling has been made, and who has lost his case, has been deprived of life, liberty, or property without due process of law. And this amendment, if valid, would prevent a reversal of the cause upon that ground. That it might result in preventing the

appellate courts from enforcing the fundamental right to a jury trial is not really of greater moment, perhaps not so much as the fact that it may prevent this court from enforcing uniformity in the administration of the law. Under this rule, any and all trial courts may refuse to be governed by the law of procedure and evidence, solemnly enacted by the legislature, and, unless we can determine from the record, both that the party complaining has suffered substantial injury, and that a different result would have been probable if the law of procedure had been followed, there could be no reversal.

It is the right of every person, before he can be deprived of his property, to have a trial according to law, to have the same character of trial, governed by the same established rules of evidence and procedure as are applied in other cases under similar conditions. "Due process of law" "is law in its regular administration through courts of justice." (2 Kent's Commentaries, 10.) Judge Field says of the words "due process of law," when applied to judicial proceedings: "They then mean a course of legal proceeding according to those rules and principles which have been established in our system of jurisprudence for the protection and enforcement of private rights." (*Pennoyer v. Neff*, 95 U. S. 714.)

Webster, in his well-known definition of the phrase "the law of the land," said: "The meaning is, that every citizen shall hold his life, liberty, property, and immunities under the protection of the general rules which govern society."

And in *Ex parte Wall*, 107 U. S. 265, the court said: "In all cases that kind of procedure is due process of law which is suitable and proper to the nature of the case and sanctioned by the established usages and customs of the courts." (See numerous decisions cited in 10 Am. & Eng. Ency. of Law, 2d ed., 293, note 4.)

Uniformity in the administration of justice is a fundamental right, and every litigant may demand that his case shall be tried, so far as practicable, by the same established rules of procedure and evidence as well as upon the same principles which are applied to other like controversies. To secure this uniformity is an important function of an appellate court, and the jurisdiction being derived from the constitution, a co-ordi-

nate branch of the government cannot say that it shall not perform its function or control its use of the power and discretion vested in it.

A litigant who has been denied a trial according to the law of the land has, in a legal sense, been aggrieved, but courts are not created for the redress of ideal wrongs, and, therefore, when from the record we can see that the injury is not substantial it is not such a grievance as courts will redress. We therefore say in such case that the party complaining has not been injured. He is not an aggrieved party in such sense that he needs or can obtain a correction of the error. Further than this the courts should not go even if authorized by the legislature. How serious the departure from established rules must be to require a reversal is generally a judicial question.

The judgment is reversed.

Henshaw, J., and McFarland, J., concurred.

---

[Sac. No. 517.　Department Two.—October 19, 1899.]