[Crim. No. 15.  Second Appellate District.—August 15, 1905.]

## THE PEOPLE, Respondent, v. JOSEPH H. TAGGART, Appellant.

CRIMINAL LAW—INSTRUCTIONS—CIRCUMSTANTIAL EVIDENCE.—In a criminal prosecution it is error to instruct the jury without qualification that "where the evidence is entirely circumstantial, yet is not only consistent with the guilt of the defendant, but inconsistent with any other rational conclusion, the law makes it the duty of the jury to convict, notwithstanding such evidence may not be as satisfactory to their minds as the direct testimony of credible eye-witnesses would have been."

ID.—ERROR WITHOUT PREJUDICE.—The giving of such instruction, although erroneous, will not warrant a reversal where the circumstantial evidence of the defendant's guilt was entirely uncontradicted, and was, if not absolutely conclusive, at least "satisfactory" in the sense of that term as defined in the Code of Civil Procedure,—to wit, such as "ordinarily produces moral certainty or conviction in an unprejudiced mind."

APPEAL from a judgment of the Superior Court of Riverside County and from an order refusing a new trial. J. S. Noyes, Judge.

The facts are stated in the opinion of the court.

Byron Waters, and N. A. Bailie, for Appellant.

U. S. Webb, Attorney-General, and J. C. Daly, Deputy 'Attorney-General, for Respondent.

SMITH, J.—The defendant was convicted of the crime of grand larceny, and appeals from the judgment, and from an order denying his motion for a new trial.

The only error complained of is the following instruction to the jury: *"Where the evidence is entirely circumstantial, yet is not only consistent with the guilt of the defendant but inconsistent with any other rational conclusion, the law makes it the duty of the jury to convict, notwithstanding such evidence may not be as satisfactory to their minds as the direct testimony of credible eye-witnesses would have been."*

It is said by the appellant's attorneys that this instruction was first given in *People* v. *Cronin,* 34 Cal. 202, and that it has been approved in some later cases cited by them. But the instruction is taken, not from the instructions in *People* v. *Cronin,* but from the opinion of the court on page 202; and in looking over the cases citing this case, as given in Palm's Citations, we have not been able to find any in which this instruction was involved, except the cases of *People* v. *Dole,* 122 Cal. 486, [68 Am. St. Rep. 511, 55 Pac. 581],—where it is held to be erroneous,—and in *People* v. *Rushing,* 130 Cal. 453, 454, [80 Am. St. Rep. 141, 62 Pac. 742], where it is, in effect, so held. In the former case, indeed, it is said: "The vice of this instruction is generally corrected, as it was in this case, by special instructions to the effect *that every fact essential to sustain the hypothesis of guilt and to exclude the hypothesis of innocence must be fully proved";* and in the latter case this forms part of the instruction given. But in the case at bar there is no such qualifying instruction.

It is indeed urged by the attorney for the state that the qualifying instruction referred to in the cases cited "offers but meager support if the main instruction is prejudicial." But in this we do not agree. The vice of the instruction here is not merely that the jury are instructed that in the case of circumstantial evidence they may convict upon evidence less "satisfactory" than in the case of direct evidence (as to which, see Code Civ. Proc., sec. 1835), but also, that if the

"evidence" be inconsistent with any other rational conclusion than the defendant's guilt, it is the duty of the jury to convict. But the law is, that the jury is the sole judge of the credibility of the evidence, and therefore, though the evidence be inconsistent with the theory of the defendant's innocence, yet they may acquit him. This defect is pointed out in the opinion in *People* v. *Dole,* where it is said: "In cases of circumstantial evidence, *facts* should be proved which are . . . inconsistent with any reasonable hypothesis of innocence, and every single fact from which the deduction of guilt is to be drawn must be proved by evidence which satisfies the minds and consciences of the jury," etc. Or, as elsewhere expressed—to justify the jury in finding the defendant guilty—"the law requires that the *facts* (not merely the *evidence*) . . . be . . . inconsistent with any other rational conclusion." (*People* v. *Murray,* 41 Cal. 67.) Having regard, therefore, to this vice in the instruction, it can readily be perceived that the error might be cured—as it was in fact cured in the cases cited—"by special instructions to the effect. that every fact essential to sustain the hypothesis of guilt and to exclude the hypothesis of innocence must be fully proved."

In *People* v. *Eckman,* 72 Cal. 585, [14 Pac. 359], and *People* v. *Sansome,* 84 Cal. 454, [24 Pac. 143], cited in the briefs, the instruction involved was: That "to convict upon circumstantial evidence, it should be such as to produce nearly the same degree of certainty as that which arises from direct testimony." But this instruction is free from the principal vice to which the instruction now under consideration is obnoxious; the cases are, therefore, not similar.

I have no doubt, therefore, that the instruction is erroneous, and that ordinarily the error would be material. But in the present case the circumstantial evidence of defendant's guilt was, if not absolutely conclusive, at least "*satisfactory,*" in the sense of the term as defined by the code—that is to say, it was such as "ordinarily produces moral certainty or conviction in an unprejudiced mind" (Code Civ. Proc., secs. 1826, 1835) ; and it stood entirely uncontradicted. Assuming, therefore,—as we must,—that the jury was composed of men at once unprejudiced and of average common sense and judgment, we are justified, under the authorities, in believ-

ing—as we do—that the result would not have been different had the instruction been omitted. (Code Civ. Proc., sec. 475; *Green* v. *Ophir Co.*, 45 Cal. 526, 527; *Estate of Briswalter,* 72 Cal. 110, [13 Pac. 164]; *Estate of Spencer,* 96 Cal. 449, 450, [31 Pac. 453].) The cases cited are indeed civil cases, but we see no reason why the same principle should not apply in criminal cases.

Nor are the provisions of the Code of Civil Procedure cited to be disregarded. They have, indeed, as to certain matters, specifically indicated in the decision, been held unconstitutional (*San Jose Ranch Co.* v. *San Jose Land etc. Co.*, 126 Cal. 325, [58 Pac. 824]), but the question now before us does not seem to be affected by that decision. For here not only does it not appear that "a different result would have been probable if [the] error . . . had not occurred," but the contrary; and the improbability of a different result upon the omission of the instruction is so strong as to produce in us an abiding conviction to that effect.

We are of the opinion, therefore,—having regard to the particular case,—that, notwithstanding the error of the court below, the judgment and order should be affirmed; and it is so ordered.

Gray, P. J., and Allen, J., concurred.