[Sac. No. 1586.  In Bank.—March 6, 1908.]

# RICKEY LAND AND CATTLE COMPANY, Appellant, v. C. P. GLADER, Respondent.

WATER-RIGHTS—JUDGMENT ORDERED FOR PLAINTIFF—FINDINGS—EXCUS-
ABLE NEGLECT TO PROCURE AND ENTER JUDGMENT—DISMISSAL—
ABUSE OF DISCRETION.—Where the court after trial of an action by
a riparian owner to enjoin a diversion of the stream, ordered judg-
ment for plaintiff, and detailed findings were prepared by a non-
resident attorney, and sent to associate counsel for signature and
judgment, and in the absence of such counsel, an inexperienced
attorney in his office secured the signed filing of the findings, but
by excusable neglect failed to obtain and enter judgment for more
than six months, it was an abuse of discretion for the court, on
motion of defendant, who, as a continuing trespasser, was not
injured, but benefited by the delay, in entering judgment enjoin-
ing the trespass, to dismiss the action for such neglect, and thereby
deprive the plaintiff of the just fruits of a judgment to which he
was entitled.

ID.—APPEAL FROM DISMISSAL AFTER SIXTY DAYS—REVIEW OF EVIDENCE
BEFORE TRIAL COURT—CONSTRUCTION OF CODE.—Though the appeal
from the judgment of dismissal was taken after the lapse of sixty
days, the court may review the evidence which was before the
trial court when the dismissal was ordered.  Such judgment, being
without findings, and without an opportunity to the appellant to
prepare a record, under sections 648 and 649 of the Code of Civil
Procedure, is not an "exception to the decision or verdict" within
the meaning of section 939 of the Code of Civil Procedure.

APPEAL from a judgment of the Superior Court of Mono
County dismissing an action.  J. D. Murphy, Judge.

The facts are stated in the opinion of the court.

James F. Peck, Wm. O. Parker, and Chas C. Boynton, for
Appellant.

R. S. Miner, and J. P. Langhorne, for Respondent.

HENSHAW, J.—Plaintiff, the owner of certain lands in
Mono County riparian to a watercourse, brought its action
to enjoin defendant from illegally diverting the waters of
this stream above plaintiff's land.  The action was tried be-
fore the court and submitted.  Thereafter the court, after

mature consideration, ordered judgment for plaintiff, decreeing that each party should bear and pay its own costs. Detailed findings and conclusions of law were signed and filed upon the nineteenth day of August, 1905. No judgment was entered and no request that a judgment be entered was made within the six months thereafter, as contemplated by section 581, subdivision 6, of the Code of Civil Procedure. On the tenth day of March following the defendant moved the court to dismiss the action, under the authority of this section. The court granted the motion and a judgment of dismissal was entered. From this judgment of dismissal plaintiff has appealed, taking his appeal more than sixty days after the entry of the judgment. To the hearing of the appeal respondent first objects that the evidence which was before the trial court may not here be considered, since the appeal was taken more than sixty days after the rendition of the judgment. (Code Civ. Proc., sec. 939.) But a judgment of dismissal such as this, without findings of fact and without opportunity to the appellant to prepare a record, as contemplated and required by sections 648 and 649 of the Code of Civil Procedure, is not "an exception to the decision or verdict" within the contemplation of section 939, Code of Civil Procedure. (*Falkner* v. *Hendy,* 107 Cal. 52, [40 Pac. 21, 386].) In such a case as this, either this court must have the power to review the judgment of dismissal upon the evidence which was before the trial court, or the right of appeal becomes a vain and empty thing, and the decision granting a motion to dismiss, which motion under the statute is addressed to the discretion of the court, can never be corrected, however glaring the abuse of such discretion may be.

With the evidence then before us, we come to consider whether or not in this instance the court did abuse its discretion in granting the motion.

In the years that section 581, subdivision 6, of the Code of Civil Procedure, has been a part of the law of this state, no case has come before this court where a dismissal has been granted under it. In every case where a dismissal of the action has been denied, the discretionary ruling of the trial court has been upheld. (*Neihaus* v. *Morgan,* (Cal.) 45 Pac. 255; *Rosenthal* v. *McMann,* 93 Cal. 505, [29 Pac. 121];

*In re McDevitt,* 95 Cal. 17, [30 Pac. 101] ; *Marshall* v. *Taylor,* 97 Cal. 422, [32 Pac. 515] ; *San Jose R. Co.* v. *San Jose L. & W. Co.,* 126 Cal. 322, [58 Pac. 824].)

Coming then to consider whether or not, under the facts presented, the court abused its discretion in dismissing the action, it is made to appear that the plaintiff was represented by attorneys having offices in different counties. The action was tried in Mono County. One of these attorneys was William O. Parker, whose office was at Bridgeport, the county seat of Mono County. James F. Peck, another of the attorneys, had his office in San Francisco. On him was imposed the duty of the preparation of the findings of fact and conclusions of law. This duty he performed, forwarding these papers to his associate, Mr. Parker, at Bridgeport. Mr. Parker at the time was absent from the state. In his office was his son, a young attorney. He, in the absence of his father, caused the findings of fact and conclusions of law to be filed, but failed and neglected to demand judgment. Mr. Peck and Mr. Parker both believed that judgment had been entered, and received no intimation to the contrary until served with notice of motion for dismissal of the action. Immediately upon receiving this notice they sought to have judgment entered, but were refused. We have, then, a case fully and elaborately heard upon its merits, after trial consuming three weeks of time. We have abundant evidence that the neglect or inadvertence of appellant's attorneys did not arise either in wantonness or indifference, but was the result of the unexpected circumstance that the matter of demanding judgment was left to a young and inexperienced attorney, who failed to make the demand. Under such circumstances it will unhesitatingly be said that it was an abuse of discretion of the court to dismiss an action and to deprive a litigant of the just fruits of a judgment to which he was entitled after full and fair trial, unless, upon the other hand, some injury and wrong may be shown to have resulted to the moving party, which would render it inequitable that a judgment, after the lapse of six months, should be given to the prevailing party. Otherwise not a dismissal of the action, but, at the most, the imposition of terms for the entry of a judgment, is all that justice could require.

We look in vain, however, to discover any injury which respondent could have suffered by appellant's failure to have the judgment entered, and, indeed, as disclosed, not only did respondent suffer no injury, but he received a positive benefit. First, as to injury, it may be said in passing, that respondent himself could have prevented any by a demand upon his part that judgment be entered, and the fees for such entry would have been recoverable against plaintiff in the event of success upon appeal. That the defendant sustained no injury by the failure to enter judgment, but in fact was benefited thereby, is made apparent from the following facts: The order for judgment declared him a trespasser, illegally depriving plaintiff of the waters of a stream. Until such judgment was entered, he was under no legal duty to cease his trespass. So long, then, as the judgment remained unentered, he could, and doubtless did, continue in the use of water to which the findings and conclusions of the court decreed that he was not entitled. That this is clearly so is demonstrated by the correspondence which passed between defendant and his attorneys touching the appeal in the case. In one of these letters (contemplating an appeal) it is said: "You can get use of water for two or three years. Might get a compromise, as it would cost Rickey quite a sum to fight the appeal." And Mr. Miner, attorney for defendant, testifies at the hearing: "After that time my client wanted to know if there was an injunction against him using the water, and if he would be guilty of contempt of court in using it ." As suggested by one of the foregoing quotations, an appeal, if taken, would have been for vexatious delay and to force a compromise. This is even more plainly shown by further letters from the defendant's attorney to his client. Thus he writes. "It is for you to decide if it is worth the cost, which would be five or six hundred dollars by the time it went through the supreme court, and unless that court modifies its decision on riparian rights you would lose." Again, "As I wrote you before, it will cost from four to six hundred dollars to carry the case through the supreme court and to try to get that court to modify the doctrine of riparian rights." And finally defendant's attorney testifies: "As an inducement on my part which might influence Rickey to settle the Glader case, I stated to Mr. Parker, in substance,

something to the effect that in any event if Rickey did not settle the Glader case, we would appeal from the judgment and keep the case going for some time." Bearing in mind that respondent on this appeal was not deprived even of costs, since by the order for. judgment each side was to bear its own costs, it is manifest that he was injured in no way, but was positively benefited by the failure of plaintiff to have the judgment recorded.

The judgment of dismissal is reversed and the cause remanded with directions to the trial court to permit plaintiff, upon payment of proper costs, to cause entry of judgment to be made in consonance with the findings of fact and conclusions of law heretofore filed in the action.

Shaw, J., Sloss, J., Angellotti, J., and Lorigan, J., concurred.